**GREATHOUSE INSURANCE AGENCY, INC., Carolyn Greathouse, Michael Greathouse, Craig Greathouse, David Greathouse and Faith Mosley, Appellants,**

v.

**TROPICAL INVESTMENTS, INC., Charles Burton and Flora Van Ness, Independent Executrix for the Estate of Samuel Van Ness, Deceased, Appellees.**

No. A14–86–502–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Sept. 18, 1986.

Rehearing Denied Oct. 16, 1986.

Gary L. McConnell, Angleton, for appellants.

A.G. Crouch, Alvin, Bobby D. Dyess, Dallas, J.K. Gayle, Alvin, Kevin J. Cook, Dallas, Scott Thrash, Alvin, John R. Gilberts, Angleton, for appellees.

Before J. CURTISS BROWN, C.J., and MURPHY and ROBERTSON, JJ.

## OPINION

ROBERTSON, Justice.

This is an appeal from a temporary injunction commanding appellant Carolyn Greathouse to deposit funds into the registry of the court "until judgment in this cause is entered by this court." We find the entry of such order unauthorized and order the injunction dissolved.

The undisputed facts show that appellant Carolyn Greathouse, who had the authority to write checks on a corporate checking account of appellees, made unauthorized withdrawals from that account of at least $140,000. Appellees filed suit against appellants for the recovery of the funds. In addition, appellees requested that a temporary injunction be issued commanding appellant Carolyn Greathouse to deposit into the registry of the court $140,000 from the proceeds of two life insurance policies totalling $1,500,000 which she either had received or was to receive from the death of her husband. The trial court granted the temporary injunction.

■ Appellee Burton contests our jurisdiction, arguing the temporary injunction order is interlocutory since it "did not dispose of all issues and parties." While we agree that the order is interlocutory, we do not agree that it is not appealable. Section 51.014 Tex.Civ.Prac. & Rem.Code (Vernon 1986) specifically provides for an appeal from an interlocutory order granting a temporary injunction. Therefore, appellee Burton's counter-point is denied.

Appellant Carolyn Greathouse contends the trial court abused its discretion in ordering her to deposit funds into the registry of the court. We agree.

■ Ordinarily, a trial court has broad discretion in determining whether to issue a temporary injunction, and its judgment will not be overturned unless the record discloses a clear abuse of discretion. However, that discretion does not extend to the erroneous application of law to undisputed facts. *City of Spring Valley v. Southwestern Bell Tel. Co.*, 484 S.W.2d 579, 581 (Tex.1972). It is firmly established that in the absence of a permissive statute a court is without authority to impound assets for the contingent application to an unliquidated claim not yet reduced to judgment. *Perryton Feeders, Inc. v. Feldman*, 483 S.W.2d 386 (Tex.Civ.App.—Amarillo 1972, writ ref'd n.r.e.). We therefore find the trial court abused its discretion in granting a temporary injunction based on appellees' admittedly unliquidated claim.

■ While not raised by appellant, we notice that the order granting the temporary injunction does not include a trial date. All trial courts should be aware that Rule 683, Tex.R.Civ.P., mandates "that every order granting a temporary injunction *shall* include an order setting the cause for trial on the merits with respect to the ultimate relief sought." (emphasis added). It is the opinion of this court that failure to include such date voids the injunction order.

The judgment of the trial court is reversed and the injunction is dissolved.