**EOG RESOURCES, INC., Appellant,**

v.

**Javier GUTIERREZ as Attorney-in-Fact for Romeo Gutierrez Vela, Appellee.**

**No. 04–01–00463–CV.**

Court of Appeals of Texas, San Antonio.

Jan. 16, 2002.

Rehearing Overruled Feb. 15, 2002.

Douglas J. Dashiell, Jane M.N. Webre, Scott, Douglass & McConnico, L.L.P., Austin, John E. O'Neill, Reagan D. Pratt, Clements, O'Neill, Pierce & Nickens, L.L.P., Houston, for Appellant.

Gregory N. Jones, Franklin, Cardwell & Jones, Michael Dorman, Locke, Liddell & Sapp, L.L.P., Houston, Adan A. Gonzalez, III, James K. Jones, Jr., Jones & Gonzalez, P.C., Laredo, Lloyd A. Muennink, Law Office of Lloyd A. Muennink, Austin, Timothy Patton, Timothy Patton, P.C., San Antonio, for Appellee.

Sitting: CATHERINE STONE, Justice, KAREN ANGELINI, Justice, and SANDEE BRYAN MARION, Justice.

Opinion by KAREN ANGELINI, Justice.

EOG Resources, Inc. ("EOG") brings this interlocutory appeal of the trial court's temporary injunction order, which enjoins EOG from proceeding to an administrative hearing before the Texas Railroad Commission ("Commission"). In three issues,

EOG asserts that the trial court abused its discretion. We reverse the trial court's order.

### FACTUAL AND PROCEDURAL BACKGROUND

This appeal arises out of an oil and gas royalty dispute. Javier Gutierrez as Attorney–in–Fact for Romeo Gutierrez Vela ("Gutierrez") alleges in the underlying lawsuit that EOG's gas volume measurement practices result in inaccurate royalty calculations. Thus, Gutierrez contends that EOG breached its lease agreement and violated industry standards.

EOG requested an administrative hearing before the Commission to determine whether its measurement practices were in violation of the Commission's rules. On April 25, 2001, the trial court entered a temporary restraining order enjoining EOG "from participating, or taking any steps, in the administrative action and/or in any other agency or administrative proceeding, regarding property and wells in which [Gutierrez] claims an interest (including but not limited to, adducing any evidence, requesting an adjournment, summoning any witnesses, presenting any proof or argument, and filing any papers in the administrative action or in any other action whatsoever)." The order also restrained EOG from "taking any measures before any administrative agency, including but not limited to the Texas Railroad Commission, regarding any property or wells in which [Gutierrez] claims an interest … in any manner whatsoever, including but not limited to inquiring into whether [EOG] complied with any agency, administrative, or statutory guidelines, regulations or provisions regarding any property or wells owned by [Gutierrez]."

On May 8, 2001, the trial court heard Gutierrez's motion for temporary injunction. The trial court granted Gutierrez's motion and signed the "Temporary Injunction and Order" on June 15, 2001. Like the temporary restraining order, the temporary injunction enjoins EOG from proceeding in an administrative action before the Commission or before any other administrative agency. EOG appeals.

### STANDARD OF REVIEW

Generally, in order to obtain temporary injunctive relief, the movant must show: (1) a probable right of recovery; (2) imminent, irreparable harm if the request is denied; and (3) no adequate remedy at law. *Munson v. Milton,* 948 S.W.2d 813, 815 (Tex.App.-San Antonio 1997, writ denied). The trial court enjoys broad discretion in granting or denying temporary injunctions. *See Davis v. Huey,* 571 S.W.2d 859, 861–62 (Tex.1978). In exercising its discretion, the only issue before the trial court is whether the status quo should be preserved pending trial on the merits. *Camp v. Shannon,* 162 Tex. 515, 348 S.W.2d 517, 519 (1961); *Munson,* 948 S.W.2d at 815. The trial court abuses its discretion when it misapplies the law to the "established facts or when the evidence does not reasonably support the conclusion that the applicant has a probable right of recovery." *City of San Antonio v. Rankin,* 905 S.W.2d 427, 430 (Tex.App.-San Antonio 1995, no writ) (quoting *State v. Southwestern Bell Tel. Co.,* 526 S.W.2d 526, 528 (Tex.1975)).

### DISCUSSION

Texas Rule of Civil Procedure 683 provides that "[e]very order granting a temporary injunction shall include an order setting the cause for trial on the merits with respect to the ultimate relief sought." The order in the instant case, however, does not set the case for trial. The requirements of rule 683 are mandatory, and "an order granting a temporary injunction that does not meet them is subject to being declared void and dissolved." *Qwest Comm. Corp. v. AT & T Corp.,* 24 S.W.3d 334, 337 (Tex.2000). We have held

that the failure to meet the requirements of rule 683 renders the injunction order "fatally defective and void, whether specifically raised by point of error or not."[1] *Hopper v. Safeguard Bus. Sys., Inc.*, 787 S.W.2d 624, 626 (Tex.App.-San Antonio 1990, no writ); *accord Permian Chem. Co. v. State*, 746 S.W.2d 873, 874 (Tex.App.-El Paso 1988, writ dism'd); *Greathouse Ins. Agency, Inc. v. Tropical Invs., Inc.*, 718 S.W.2d 821, 822 (Tex.App.-Houston [14th Dist.] 1986, no writ); *Univ. Interscholastic League v. Torres*, 616 S.W.2d 355, 358 (Tex.Civ.App.-San Antonio 1981, no writ).

 The purpose of a temporary injunction is to preserve the status quo of the subject matter of the suit, pending a final trial on the merits of the case. *Butnaru v. Ford Motor Co.*, 2001 WL 618149, at *7, —— S.W.3d ——, —— (Tex. 2001). The reason for requiring that an injunction order include a trial date is to prevent the temporary injunction from effectively becoming permanent without a trial.[2] *Eastern Energy, Inc. v. SBY P'ship*, 750 S.W.2d 5, 6 (Tex.App.-Houston [1st Dist.] 1988, no writ). Accordingly, a trial date must be included in an injunction order to protect the parties from being subject to a temporary injunction made permanent by a court's failure to set the matter for a final determination on the merits.

Because the temporary injunction order does not conform to rule 683, the trial court abused its discretion in entering the order. *Torres*, 616 S.W.2d at 358. We, therefore, hold that the injunction order is void. We reverse the trial court's temporary injunction order and order it be dissolved. *InterFirst Bank San Felipe v. Paz Constr. Co.*, 715 S.W.2d 640, 641 (Tex. 1986); *Torres*, 616 S.W.2d at 358.

1. Neither party to this appeal maintains that the injunction order is void for lack of a trial date setting.

2. Rule 683 does not expressly require that a trial *date* be set. Rather, it simply provides that the injunction order set the cause for trial on the merits. Some courts have required, however, a specific trial date be set in the order. *See Henke v. Peoples State Bank*, 6 S.W.3d 717, 721 (Tex.App.-Corpus Christi 1999, pet. dism'd w.o.j.) (finding temporary injunction order defective for failure to set forth trial date); *Moreno v. Baker Tools, Inc.*, 808 S.W.2d 208, 210 (Tex.App.-Houston [1st Dist.] 1991, no writ) (stating injunction order must include specific date for trial on merits); *Corpus Christi Caller–Times v. Mancias*, 794 S.W.2d 852, 854 (Tex.App.-Corpus Christi 1990, mandamus motion overruled) (holding injunction order void for failing to contain required trial date); *Higginbotham v. Clues*, 730 S.W.2d 129, 129 (Tex.App.-Houston [14th Dist.] 1987, no writ) (stating injunction order violates rule 683 because failed to include date for trial on merits). Furthermore, Black's Law Dictionary provides that "[t]o 'set down' a cause for trial or hearing at a given term is to enter its title in the calendar, list, or docket of causes which are to be brought on at that term." BLACK'S LAW DICTIONARY 955 (Abridged 6th Ed.1991). Accordingly, rule 683 implicitly requires the injunction to order the cause be calendared on the trial court's docket.