Susan E. Armstrong-Bledsoe v. William C. Smith, Jr.

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-323-CV

SUSAN E. ARMSTRONG-BLEDSOE, APPELLANT

INDIVIDUALLY AND AS TRUSTEE 

OF THE WILLIAM E. ARMSTRONG AND 

SUSAN T. ARMSTRONG REVOCABLE 

LIVING TRUST

V.

WILLIAM C. SMITH, JR. APPELLEE

------------

FROM PROBATE COURT NO. 1 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  Introduction

This is an interlocutory appeal from a temporary injunction order issued by the probate court compelling an accounting from a trustee.  The primary issue we address is whether the temporary injunction is void for failure to include a bond amount and a trial setting.  We hold that the temporary injunction order is void.  Therefore, we vacate the trial court’s order and order the temporary injunction dissolved.

II.  Factual and Procedural Background

Appellee William C. Smith, Jr. claims that he is a beneficiary of the William E. Armstrong and Susan T. Armstrong Revocable Living Trust.  Smith filed suit against Appellant Susan E. Armstrong-Bledsoe, individually and as trustee, for breach of fiduciary duty and also seeking a temporary injunction after she refused to provide an accounting for the trust.  In response, Armstrong-Bledsoe filed a general denial and asserted an affirmative defense, claiming that a provision contained in the trust agreement mandated that the matter be settled through arbitration.  She also moved to compel arbitration. After a hearing on Smith’s application for injunctive relief, the trial court granted the temporary injunction.  This appeal followed.  
See
 
Tex. Civ. Prac. & Rem. Code Ann.
 § 51.014(a)(4) (Vernon 1997).

III.  Standard of Review

Whether to grant or deny a temporary injunction is within the trial court’s sound discretion.  
Butnaru v. Ford Motor Co.
, 84 S.W.3d 198, 204 (Tex. 2002) (citing 
Walling v. Metcalfe
, 863 S.W.2d 56, 58 (Tex. 1993)).  A reviewing court should reverse an order granting injunctive relief only if the trial court abused that discretion.  
Id.
 (citing 
Walling
, 863 S.W.2d at 58).  The reviewing court must not substitute its judgment for the trial court’s judgment unless the trial court’s action was so arbitrary that it exceeded the bounds of reasonable discretion.  
Johnson v. Fourth Court. of Appeals
, 700 S.W.2d 916, 918 (Tex. 1985) (orig. proceeding); 
Davis v. Huey
, 571 S.W.2d 859, 861-62 (Tex. 1978).

IV.  Void Temporary Injunction Order

In her second and third issues, Armstrong-Bledsoe argues that the temporary injunction entered by the trial court is invalid because it fails to make provision for a bond and fails to state a date for a trial on the merits.  Smith responds that any technical defects in the temporary injunction issued by the trial court may be cured as he is ready, willing, and able to post a bond and to agree to a trial date.

Rule 684 of the Texas Rules of Civil Procedure provides, “In the order granting any . . . temporary injunction, the court 
shall
 fix the amount of security to be given by the applicant.”  
Tex. R. Civ. P.
 684 (emphasis added).  This rule is strictly construed.  
See
 
Chambers v. Rosenberg, 
916 S.W.2d 633, 634 (Tex. App.—Austin 1996, writ denied).  Before a trial court issues a temporary injunction, the applicant must execute a bond to the adverse party and file the bond with the court clerk.  
Ebony Lake Healthcare Ctr. v. Tex. Dep’t. of Human Servs.
, 62 S.W.3d 867, 870 (Tex. App.—Austin 2001, no pet.).

Similarly, Rule 683 provides, “Every order granting a temporary injunction 
shall
 include an order setting the cause for trial on the merits with respect to the ultimate relief sought.”  
Tex. R. Civ. P.
 683 (emphasis added).  The purpose of a temporary injunction is to preserve the status quo of the subject matter of the suit, pending a final trial on the merits of the case.  
Butnaru
, 84 S.W.3d at 204.  A trial date must be included in an injunction order to protect the parties from being subject to a temporary injunction made permanent by a court’s failure to set the matter for a final determination on the merits.  
EOG Res., Inc. v. Gutierrez
, 75 S.W.3d 50, 53 (Tex. App.—San Antonio 2002, no pet.).

The procedural requirements in 683 and 684 are mandatory.  
Qwest Communications Corp. v. AT&T Corp.
, 24 S.W.3d 334, 337 (Tex. 2000).
  An order granting a temporary injunction that does not meet these requirements is subject to being declared void and dissolved.  
Id.
; 
see also Ebony Lake Healthcare Ctr.
, 62 S.W.3d at 870.

Here, the trial court’s October 27, 2003 temporary injunction does not fix a bond amount or contain an order setting the cause for trial on the merits. Because the temporary injunction order does not conform to the mandatory requirements of Rules 683 and 684, it is void.  
See Qwest, 
24 S.W.3d at 337. Where a temporary injunction is issued that does not conform to Rule 683, the nonconformity constitutes an abuse of discretion.  
See EOG Res.
, 75 S.W.3d at 53;
 Univ. Interscholastic League v. Torres
, 616 S.W.2d 355, 358 (Tex. Civ. App.—San Antonio 1981, no writ) (same).  We sustain Armstrong-Bledsoe’s second and third issues.

V.  Arbitration

In her fourth issue, Armstrong-Bledsoe contends that the trial court erred by denying her motion to compel arbitration.  The record before us, however, contains no order denying that motion.  Armstrong-Bledsoe argues that the trial court’s temporary injunction impliedly denied her motion to compel arbitration because it stated, “Relief not expressly granted herein is denied.”  We cannot agree. Nothing in the temporary injunction indicates that the trial court ruled on the motion to compel arbitration, and a Mother Hubbard clause in a temporary injunction simply has no effect.  
Accord Lehmann v. Har-Con Corp.
, 39 S.W.3d 191, 203-04 (Tex. 2001) (holding that the inclusion of a Mother Hubbard clause does not indicate that a judgment rendered without a conventional trial is final for purposes of appeal).  Accordingly, we overrule Armstrong-Bledsoe’s fourth issue.

VI.  Conclusion

Having sustained Armstrong-Bledsoe’s second and third issues and overruled her fourth issue, we vacate the trial court’s order and order the trial court’s October 27, 2003 temporary injunction dissolved.
(footnote: 2)

SUE WALKER

JUSTICE

PANEL B: LIVINGSTON, DAUPHINOT, and WALKER, JJ.

DELIVERED: February 26, 2004

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
In light of our disposition, it is not necessary to address Armstrong-Bledsoe’s first issue.  
See
 
Tex. R. App. P.
 47.1 (requiring appellate court to address only issues necessary to final disposition of appeal).