COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-323-CV

  
SUSAN 
E. ARMSTRONG-BLEDSOE,                                         APPELLANT
INDIVIDUALLY 
AND AS TRUSTEE
OF 
THE WILLIAM E. ARMSTRONG AND
SUSAN 
T. ARMSTRONG REVOCABLE
LIVING 
TRUST
 
V.
 
WILLIAM 
C. SMITH, JR.                                                            APPELLEE
 
------------
 
FROM 
PROBATE COURT NO. 1 OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
 
I. 
Introduction
 
        This 
is an interlocutory appeal from a temporary injunction order issued by the 
probate court compelling an accounting from a trustee.  The primary issue 
we address is whether the temporary injunction is void for failure to include a 
bond amount and a trial setting.  We hold that the temporary injunction 
order is void.  Therefore, we vacate the trial court’s order and order 
the temporary injunction dissolved.
II. 
Factual and Procedural Background
        Appellee 
William C. Smith, Jr. claims that he is a beneficiary of the William E. 
Armstrong and Susan T. Armstrong Revocable Living Trust. Smith filed suit 
against Appellant Susan E. Armstrong-Bledsoe, individually and as trustee, for 
breach of fiduciary duty and also seeking a temporary injunction after she 
refused to provide an accounting for the trust. In response, Armstrong-Bledsoe 
filed a general denial and asserted an affirmative defense, claiming that a 
provision contained in the trust agreement mandated that the matter be settled 
through arbitration. She also moved to compel arbitration. After a hearing on 
Smith’s application for injunctive relief, the trial court granted the 
temporary injunction. This appeal followed. See Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(4) (Vernon 1997).
III. 
Standard of Review
        Whether 
to grant or deny a temporary injunction is within the trial court’s sound 
discretion. Butnaru v. Ford Motor Co., 84 S.W.3d 198, 204 (Tex. 2002) 
(citing Walling v. Metcalfe, 863 S.W.2d 56, 58 (Tex. 1993)). A reviewing 
court should reverse an order granting injunctive relief only if the trial court 
abused that discretion. Id. (citing Walling, 863 S.W.2d at 58). 
The reviewing court must not substitute its judgment for the trial court’s 
judgment unless the trial court’s action was so arbitrary that it exceeded the 
bounds of reasonable discretion. Johnson v. Fourth Court. of Appeals, 700 
S.W.2d 916, 918 (Tex. 1985) (orig. proceeding); Davis v. Huey, 571 S.W.2d 
859, 861-62 (Tex. 1978).
IV. 
Void Temporary Injunction Order
        In 
her second and third issues, Armstrong-Bledsoe argues that the temporary 
injunction entered by the trial court is invalid because it fails to make 
provision for a bond and fails to state a date for a trial on the merits. Smith 
responds that any technical defects in the temporary injunction issued by the 
trial court may be cured as he is ready, willing, and able to post a bond and to 
agree to a trial date.
        Rule 
684 of the Texas Rules of Civil Procedure provides, “In the order granting any 
. . . temporary injunction, the court shall fix the amount of security to 
be given by the applicant.” Tex. R. Civ. P. 684 (emphasis added). This rule is 
strictly construed. See Chambers v. Rosenberg, 916 S.W.2d 633, 634 
(Tex. App.—Austin 1996, writ denied). Before a trial court issues a temporary 
injunction, the applicant must execute a bond to the adverse party and file the 
bond with the court clerk. Ebony Lake Healthcare Ctr. v. Tex. Dep’t. of 
Human Servs., 62 S.W.3d 867, 870 (Tex. App.—Austin 2001, no pet.).
        Similarly, 
Rule 683 provides, “Every order granting a temporary injunction shall 
include an order setting the cause for trial on the merits with respect to the 
ultimate relief sought.” Tex. R. Civ. P. 683 (emphasis added). The purpose of a 
temporary injunction is to preserve the status quo of the subject matter of the 
suit, pending a final trial on the merits of the case. Butnaru, 84 S.W.3d 
at 204. A trial date must be included in an injunction order to protect the 
parties from being subject to a temporary injunction made permanent by a 
court’s failure to set the matter for a final determination on the merits. EOG 
Res., Inc. v. Gutierrez, 75 S.W.3d 50, 53 (Tex. App.—San Antonio 2002, no 
pet.).
        The 
procedural requirements in 683 and 684 are mandatory. Qwest Communications 
Corp. v. AT&T Corp., 24 S.W.3d 334, 337 (Tex. 2000). An order granting a 
temporary injunction that does not meet these requirements is subject to being 
declared void and dissolved. Id.; see also Ebony Lake Healthcare Ctr., 
62 S.W.3d at 870.
        Here, 
the trial court’s October 27, 2003 temporary injunction does not fix a bond 
amount or contain an order setting the cause for trial on the merits. Because 
the temporary injunction order does not conform to the mandatory requirements of 
Rules 683 and 684, it is void. See Qwest, 24 S.W.3d at 337. Where a 
temporary injunction is issued that does not conform to Rule 683, the 
nonconformity constitutes an abuse of discretion. See EOG Res., 75 S.W.3d 
at 53; Univ. Interscholastic League v. Torres, 616 S.W.2d 355, 358 (Tex. 
Civ. App.—San Antonio 1981, no writ) (same). We sustain Armstrong-Bledsoe’s 
second and third issues.
V. 
Arbitration
        In 
her fourth issue, Armstrong-Bledsoe contends that the trial court erred by 
denying her motion to compel arbitration. The record before us, however, 
contains no order denying that motion. Armstrong-Bledsoe argues that the trial 
court’s temporary injunction impliedly denied her motion to compel arbitration 
because it stated, “Relief not expressly granted herein is denied.” We 
cannot agree. Nothing in the temporary injunction indicates that the trial court 
ruled on the motion to compel arbitration, and a Mother Hubbard clause in a 
temporary injunction simply has no effect. Accord Lehmann v. Har-Con Corp., 
39 S.W.3d 191, 203-04 (Tex. 2001) (holding that the inclusion of a Mother 
Hubbard clause does not indicate that a judgment rendered without a conventional 
trial is final for purposes of appeal). Accordingly, we overrule 
Armstrong-Bledsoe’s fourth issue.
VI. 
Conclusion
        Having 
sustained Armstrong-Bledsoe’s second and third issues and overruled her fourth 
issue, we vacate the trial court’s order and order the trial court’s October 
27, 2003 temporary injunction dissolved.[2]

 
                                                                  SUE 
WALKER
                                                                  JUSTICE

 
PANEL 
B:   LIVINGSTON, DAUPHINOT, and WALKER, JJ.
 
DELIVERED: 
February 26, 2004
 

NOTES
1. 
See Tex. R. App. P. 47.4.
2. 
In light of our disposition, it is not necessary to address 
Armstrong-Bledsoe’s first issue. See Tex. R. App. P. 47.1 (requiring appellate court 
to address only issues necessary to final disposition of appeal).