11th Court of Appeals
Eastland, Texas
Memorandum Opinion
 
Tsephanyah Hawkins and Courtroom Data
Solutions, Inc. f/k/a Stenoscribe, Inc.
            Appellants
Vs.                  No. 11-04-00158-CV -- Appeal from Callahan County
Claudia Hutchison
            Appellee
 
            This is an interlocutory appeal from an order granting a temporary injunction and appointing
a receiver for Stenoscribe, Inc. In their first point of error, appellants contend that the temporary
injunction is void because the order failed to set forth the reasons for its issuance and failed to
include a specific date for a trial on the merits as required by TEX.R.CIV.P. 683. In their second
point of error, appellants contend that appellee has failed to execute and file the bond ordered by the
trial court in connection with the temporary injunction and the appointment of the receiver and that,
therefore, the prerequisites for the temporary injunction and the appointment of a receiver have not
been met as required by TEX.R.CIV.P. 684 & 695a. Because the part of the order granting the
temporary injunction failed to comply with Rule 683 and because there is nothing in the record to
show that appellee filed a bond as required by Rules 684 and 695a, the trial court’s order granting
the temporary injunction and appointing the receiver is dissolved.
            The procedural requirements imposed by the Texas Rules of Civil Procedure are mandatory,
and an order granting a temporary injunction that does not comply with those requirements is subject
to being declared void and dissolved. Qwest Communications Corporation v. AT & T Corporation,
24 S.W.3d 334 (Tex.2000); InterFirst Bank San Felipe, N.A. v. Paz Construction Company, 715
S.W.2d 640, 641 (Tex.1986); Bay Financial Savings Bank, FSB v. Brown, 142 S.W.3d 586, 591
(Tex.App. - Texarkana 2004, no pet’n); Kaufmann v. Morales, 93 S.W.3d 650, 656 (Tex.App. -
Houston [14th Dist.] 2002, no pet’n); EOG Resources, Inc. v. Gutierrez, 75 S.W.3d 50, 52 (Tex.App.
- San Antonio 2002, no pet’n); Wyatt v. Cowley, 74 S.W.3d 576, 577 (Tex.App. - Corpus Christi
2002, dism’d w.o.j.). Rule 683 requires that every order granting an injunction shall set forth the
reasons for its issuance and include an order setting the cause for trial on the merits with respect to
the ultimate relief sought. See State v. Cook United, Inc., 464 S.W.2d 105, 106 (Tex.1971)(trial
court’s reasons for issuing the injunction must be specifically stated in the order); EOG Resources,
Inc. v. Gutierrez, supra (a trial date must be included in the injunction order). The trial court’s order
granting the injunction failed to do either. 
            The bond provisions of Rule 684 are also mandatory. Bay Financial Savings Bank, FSB v.
Brown, supra. In her brief, appellee states that she planned to file the bond. However, the record
before us does not reflect that a bond has been filed. 
            Finally, there is nothing in the record to show that appellee filed a bond in connection with
the appointment of the receiver. Rule 695a provides:
No receiver shall be appointed with authority to take charge of property until
the party applying therefor has filed with the clerk of the court a good and sufficient
bond, to be approved by such clerk, payable to the defendant in the amount fixed by
the court.

Compliance with Rule 695a is a prerequisite to the appointment of a receiver. Continental Homes
Company v. Hilltown Property Owners Association Inc., 529 S.W.2d 293 (Tex.Civ.App. - Fort
Worth 1975, no writ). Non-compliance with Rule 695a requires reversal of the order appointing the
receiver. Rubin v. Gilmore, 561 S.W.2d 231, 234 (Tex.Civ.App. - Houston [1st Dist.] 1977, no
writ).
            The May 20, 2004, order of the trial court granting the temporary injunction and appointing
a receiver is dissolved.
 
                                                                                    PER CURIAM
 
July 14, 2005 
Not designated for publication. See TEX.R.APP.P. 47.2(a).
Panel consists of: Arnot, C.J., and
Wright, J., and McCall, J.