# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-05-00234-CV

**La Ventana Driftwood, L.P.; Lee P. Wood; and Michael Levenson, Appellants**

**v.**

**Driftwood Development, L.P., Appellee**

### FROM THE DISTRICT COURT OF HAYS COUNTY, 207TH JUDICIAL DISTRICT
### NO. 05-0512, HONORABLE CHARLES R. RAMSAY, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

La Ventana Driftwood, L.P., along with two of its investors, Lee Wood and Michael Levenson,[1] appeal a temporary injunction entered against them in favor of Driftwood Development, L.P. La Ventana challenges the order in six issues, including that the order is void because it does not adhere to the requirements set forth in Rule 683. *See* Tex. R. Civ. P. 683. We reverse the trial court's order.

In its first issue, La Ventana contends that the temporary injunction is void on its face because it fails to include an order setting the cause for trial.[2] Rule 683 mandates that "[e]very order

---

[1] We will refer to the appellants collectively as "La Ventana."

[2] La Ventana also contends that the order is void because it does not identify the probable injury that Driftwood would suffer, or why such injury would be irreparable, and also that it is void for lack of specificity. In light of our disposition, it is not necessary to address appellants' remaining issues. *See* Tex. R. App. P. 47.1.

granting a temporary injunction shall include an order setting the cause for trial on the merits with respect to the ultimate relief sought." *Id.* The procedural requirements in Rule 683 are mandatory, and an order granting a temporary injunction that does not meet them is subject to being declared void and dissolved. *Qwest Communications Corp. v. AT&T Corp.*, 24 S.W.3d 334, 337 (Tex. 2000). The Texas Supreme Court has established that Rule 683's requirement that every temporary injunction must set the cause for trial on the merits is to be "strictly follow[ed]," and orders which fail to adhere to this requirement may be declared void. *Interfirst Bank San Felipe, N.A. v. Paz Constr. Co.*, 715 S.W.2d 640, 641 (Tex. 1986). The purpose of requiring a trial date[3] is to protect the parties; otherwise, a temporary injunction could effectively become a permanent injunction in the absence of a final determination by the trial court. *EOG Res., Inc. v. Gutierrez*, 75 S.W.3d 50, 53 (Tex. App.—San Antonio 2002, no pet.). Other courts of appeals have held temporary injunctions void where they failed to specifically set the case for trial, even though the docketing order contained a trial date, *Wyatt v. Wyatt*, 74 S.W.3d 576, 577 (Tex. App.—Corpus Christi 2002, pet. dism'd w.o.j.), or the order provided a trial would occur at "an appropriate time and place upon the agreement by the parties." *Outback Steakhouse v. Reneau*, No. 04-01-00469-CV, 2002 Tex. App. LEXIS 98, at *8 (Tex. App.—San Antonio Jan. 9, 2002, no pet.) (mem. op.).

---

[3] Although Rule 683 does not expressly say that a temporary injunction must provide an exact trial date, the rule implicitly requires this by stating that the order must "set the cause for trial." *See EOG Res., Inc. v. Gutierrez*, 75 S.W.3d 50, 53 n.2 (Tex. App.—San Antonio 2002, no pet.) (citing several cases requiring temporary injunction to give specific trial date and interpreting rule to require "injunction to order the cause be calendared on the trial court's docket").

Here, the temporary injunction does not specifically set the case for trial, but instead provides that, "[s]hould this lawsuit not be referred to arbitration, the Clerk is ordered to set this case for trial on the merits at the earliest practicable date." Driftwood urges that this statement is sufficient to comply with Rule 683 because the trial court has granted a motion to compel arbitration, and it would be "futile" to require the trial court to set the case for trial when it is going to be arbitrated. *See Dunaway v. Austin St. Ry. Co.*, 195 S.W. 1157, 1159 (Tex. Civ. App.—Austin 1917, writ ref'd) ("law ought not require any one to do a futile act"). Driftwood's claim, however, is without merit.

We need not address the question of whether an arbitration date supplants the need for a trial date because the record reflects that, at the time the trial court entered the temporary injunction, there was no motion to compel arbitration before it. *See Johnson v. Echols*, 21 S.W.2d 382, 383 (Tex. Civ. App.—Eastland 1929, writ ref'd) (only record as it existed at time injunction was issued can be considered). Furthermore, the record demonstrates that the trial court still has not signed an order formally compelling arbitration. Without a date set to begin arbitration or trial, La Ventana is not protected from the risk that this temporary injunction could effectively become a permanent injunction. *See Gutierrez*, 75 S.W.3d at 53. The trial court could have accounted for the possibility of arbitration and also adhered to Rule 683 by setting the case for trial on a specific date and, in the event that arbitration occurred before that, removing the case from the docket.

As it stands now, however, the temporary injunction does not provide a trial setting. It is, therefore, void because it fails to strictly follow the procedural requirements of Rule 683. *See Interfirst Bank*, 715 S.W.2d at 641. Accordingly, without reaching La Ventana's other issues, we

3

reverse the trial court's order, declare the temporary injunction order to be void, and order that it be dissolved.

_____

Jan P. Patterson, Justice

Before Chief Justice Law, Justices Patterson and Puryear

Reversed and Rendered

Filed:   September 14, 2005