NUMBER 13-08-746-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 

 

CHARLES W. MANN AND 

STEWART & MANN, P.C., Appellants,

 

v. 


ROSA AGUIRRE, Appellee.

 


On appeal from County Court at Law No. 4 

of Hidalgo County, Texas.


 


MEMORANDUM OPINION



Before Chief Justice Valdez and Justices Yañez and Vela


Memorandum Opinion by Justice Vela


 This is an appeal from a default judgment entered against Charles W. Mann and
Stewart & Mann, P.C. ("Mann") for $400,000.00 in damages, $133,000.00 in attorney's
fees, and appellate attorney's fees. On appeal, Mann argues that the trial court erred by
issuing an injunction over which it had no jurisdiction, that the injunction was void because
it did not comply with Texas Rule of Civil Procedure 683, that the damages were excessive,
and that the trial court erred in failing to grant his motion for new trial. We reverse and
remand.

I. Background

 On October 31, 2007, appellee, Rosa Aguirre, (1) filed suit against Caleb Ajibade (2)
seeking damages and injunctive relief against him with respect to property she occupied
in Edinburg. Aguirre claimed that Ajibade, who alleged that he was the property owner,
entered into an oral agreement with her wherein she agreed to pay him $135.00 a month
for the purchase of the property, and that Ajibade agreed to convey the property to her
when the property was paid in full. Aguirre pleaded that although the agreement provided
that she could live on the property while making payments, Ajibade sought to remove her
from the property through a forcible detainer action in Hidalgo county justice court, and that
Ajibade's representations to her were false and caused her damages. 

 The trial court entered a temporary restraining order in Aguirre's favor on November
2, 2007, restraining "any person including any judge of a Justice Court or any law
enforcement official . . . from taking any action" to remove her from the property. On
November 8, 2007, the court entered a temporary injunction restraining any person from
taking any action to remove Aguirre from the Edinburg property. 

 Thereafter, Ajibade filed a motion to dissolve the injunction, urging that the justice
court had jurisdiction over forcible entry and detainer actions and complaining that the case
should have been brought as an appeal from a judgment of October 29, 2007 granting
Ajibade possession. Ajibade filed his original answer on November 30, 2007, pleading the
affirmative defense of the statute of frauds. Later, Ajibade filed his first amended answer
and counterclaim, again urging the defense of the statute of frauds. He also sought
damages of $1,350.00 for unpaid rent.

 On April 18, 2008, Aguirre filed her first amended petition, for the first time adding
Mann as a defendant. She alleged that Mann, as Ajibade's agent, sent written notice to
Aguirre that she and her husband were evicted and that they were to leave the property
made the subject of the suit in violation of the trial court's restraining order. Aguirre urged
that Mann's actions were in clear violation of the trial court's injunction order and would
subject Mann to contempt of court, a fine, and attorney's fees. The pleadings also sought
exemplary damages. Mann answered the lawsuit on behalf of his client, but did not answer
as a party to the lawsuit. The trial court granted a default judgment in favor of Aguirre and
against Mann for $400,000.00 in damages, attorney's fees of $133,000.00, and appellate
attorney's fees. The court then severed Aguirre's action against Mann from the action
against Agibade, making the default against Mann a final judgment. Although Mann
requested that the record of the default judgment hearing be prepared by the court
reporter, no record is before us. Mann filed a motion for new trial, which was denied by the
trial court. Similarly, we have no record before us of any hearing on the motion for new
trial. 

II. Analysis

 Mann urges that the injunction upon which the default judgment was based was
void. Rule 683 requires that "[e]very order granting a temporary injunction shall include an
order setting the cause for trial on the merits with respect to the ultimate relief sought." 
Tex. R. Civ. P. 683. The order of temporary injunction upon which the default judgment is
based does not include an order setting the cause for trial on the merits as required by
Rule 683. Id.; see also EOG Res., Inc. v. Gutierrez, 75 S.W.3d 50, 52 (Tex. App.-San
Antonio 2002, no pet.) (reason for requiring injunction order to include trial date is to
prevent temporary injunction from effectively becoming permanent without trial). The
requirements of Rule 683 are mandatory and must be strictly followed. Qwest Commc'ns.
Corp. v. AT & T Corp., 24 S.W.3d 334, 337 (Tex. 2000) (per curiam); InterFirst Bank San
Felipe, N.A. v. Paz Constr. Co., 715 S.W.2d 640, 641 (Tex. 1986) (per curiam). When a
temporary injunction order does not meet the mandatory requirements of Rule 683, it must
be declared void and dissolved, regardless of whether the defect was raised or briefed on
appeal. InterFirst, 715 S.W.2d at 641 (temporary injunction that does not set cause for trial
on merits is void and must be dissolved); Bay Fin. Sav. Bank, FSB v. Brown, 142 S.W.3d
586, 591 (Tex. App.-Texarkana 2004, no pet.) (although error not raised on appeal,
temporary injunction void because it did not include order setting cause for trial on merits);
EOG Res., 75 S.W.3d at 53 (same); Greathouse Ins. Agency, Inc. v. Tropical Invs., Inc.,
718 S.W.2d 821, 821 (Tex. App.-Houston [14th Dist.] 1986, no writ) (same). A void order
has no force or effect and confers no right; it is a nullity. See In re Garza, 126 S.W.3d 268,
273 (Tex. App.-San Antonio 2003, orig. proceeding)

 Here, the default judgment granted against Mann was based on an injunction order
that was void. Because the injunction order is void, the default judgment which was based
solely on Mann's alleged violation of that void injunction order may not be sustained. See
In re Garza, 126 S.W.3d at 273 (stating that a trial court that holds a party in contempt for
violations of a void order abuses its discretion); Ex parte Fernandez, 645 S.W.2d 636, 639
(Tex. App.-El Paso 1983, orig. proceeding) (holding that because an underlying child
support order was void, the attorney's fees based upon the void order must also be
declared void); see also In re Vaughn, No. 12-09-00143-CV, 2009 WL 3288301 at *4 (Tex.
App.-Tyler Oct. 14, 2009, orig. proceeding) (stating that because a temporary injunction
order is void, the contempt judgment based on it is also void). We sustain Mann's first
issue.

III. Conclusion

 Having sustained Mann's first issue because the order of injunction is void, we
reverse the default judgment and remand the case to the trial court for entry of a judgment
consistent with this opinion. 

 

 ROSE VELA

 Justice



Delivered and filed the 28th 

day of January, 2010.








 
1. This Court has been notified by letter of the death of Rosa Aguirre. Therefore, we will adjudicate this
appeal pursuant to Tex. R. App. P. 7.1.
2. Ajibade is not a party to this appeal.