

# NUMBER 13-08-746-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

CHARLES W. MANN AND
STEWART & MANN, P.C.,                                              Appellants,

v.

ROSA AGUIRRE,                                                              Appellee.

### On appeal from County Court at Law No. 4
### of Hidalgo County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Yañez and Vela**
**Memorandum Opinion by Justice Vela**

This is an appeal from a default judgment entered against Charles W. Mann and

Stewart & Mann, P.C. ("Mann") for $400,000.00 in damages, $133,000.00 in attorney's

fees, and appellate attorney's fees. On appeal, Mann argues that the trial court erred by

issuing an injunction over which it had no jurisdiction, that the injunction was void because

it did not comply with Texas Rule of Civil Procedure 683, that the damages were excessive, and that the trial court erred in failing to grant his motion for new trial. We reverse and remand.

## I. Background

On October 31, 2007, appellee, Rosa Aguirre,[1] filed suit against Caleb Ajibade[2] seeking damages and injunctive relief against him with respect to property she occupied in Edinburg. Aguirre claimed that Ajibade, who alleged that he was the property owner, entered into an oral agreement with her wherein she agreed to pay him $135.00 a month for the purchase of the property, and that Ajibade agreed to convey the property to her when the property was paid in full. Aguirre pleaded that although the agreement provided that she could live on the property while making payments, Ajibade sought to remove her from the property through a forcible detainer action in Hidalgo county justice court, and that Ajibade's representations to her were false and caused her damages.

The trial court entered a temporary restraining order in Aguirre's favor on November 2, 2007, restraining "any person including any judge of a Justice Court or any law enforcement official . . . from taking any action" to remove her from the property. On November 8, 2007, the court entered a temporary injunction restraining any person from taking any action to remove Aguirre from the Edinburg property.

Thereafter, Ajibade filed a motion to dissolve the injunction, urging that the justice court had jurisdiction over forcible entry and detainer actions and complaining that the case

---

[1]This Court has been notified by letter of the death of Rosa Aguirre. Therefore, we will adjudicate this appeal pursuant to TEX. R. APP. P. 7.1.

[2]Ajibade is not a party to this appeal.

should have been brought as an appeal from a judgment of October 29, 2007 granting Ajibade possession. Ajibade filed his original answer on November 30, 2007, pleading the affirmative defense of the statute of frauds. Later, Ajibade filed his first amended answer and counterclaim, again urging the defense of the statute of frauds. He also sought damages of $1,350.00 for unpaid rent.

On April 18, 2008, Aguirre filed her first amended petition, for the first time adding Mann as a defendant. She alleged that Mann, as Ajibade's agent, sent written notice to Aguirre that she and her husband were evicted and that they were to leave the property made the subject of the suit in violation of the trial court's restraining order. Aguirre urged that Mann's actions were in clear violation of the trial court's injunction order and would subject Mann to contempt of court, a fine, and attorney's fees. The pleadings also sought exemplary damages. Mann answered the lawsuit on behalf of his client, but did not answer as a party to the lawsuit. The trial court granted a default judgment in favor of Aguirre and against Mann for $400,000.00 in damages, attorney's fees of $133,000.00, and appellate attorney's fees. The court then severed Aguirre's action against Mann from the action against Agibade, making the default against Mann a final judgment. Although Mann requested that the record of the default judgment hearing be prepared by the court reporter, no record is before us. Mann filed a motion for new trial, which was denied by the trial court. Similarly, we have no record before us of any hearing on the motion for new trial.

## II. Analysis

Mann urges that the injunction upon which the default judgment was based was void. Rule 683 requires that "[e]very order granting a temporary injunction shall include an

3

order setting the cause for trial on the merits with respect to the ultimate relief sought." Tᴇx. R. Cɪᴠ. P. 683. The order of temporary injunction upon which the default judgment is based does not include an order setting the cause for trial on the merits as required by Rule 683. *Id.; see also EOG Res., Inc. v. Gutierrez,* 75 S.W.3d 50, 52 (Tex. App.–San Antonio 2002, no pet.) (reason for requiring injunction order to include trial date is to prevent temporary injunction from effectively becoming permanent without trial). The requirements of Rule 683 are mandatory and must be strictly followed. *Qwest Commc'ns. Corp. v. AT & T Corp.,* 24 S.W.3d 334, 337 (Tex. 2000) (per curiam); *InterFirst Bank San Felipe, N.A. v. Paz Constr. Co.,* 715 S.W.2d 640, 641 (Tex. 1986) (per curiam). When a temporary injunction order does not meet the mandatory requirements of Rule 683, it must be declared void and dissolved, regardless of whether the defect was raised or briefed on appeal. *InterFirst,* 715 S.W.2d at 641 (temporary injunction that does not set cause for trial on merits is void and must be dissolved); *Bay Fin. Sav. Bank, FSB v. Brown,* 142 S.W.3d 586, 591 (Tex. App.–Texarkana 2004, no pet.) (although error not raised on appeal, temporary injunction void because it did not include order setting cause for trial on merits); *EOG Res.,* 75 S.W.3d at 53 (same); *Greathouse Ins. Agency, Inc. v. Tropical Invs., Inc.,* 718 S.W.2d 821, 821 (Tex. App.–Houston [14th Dist.] 1986, no writ) (same). A void order has no force or effect and confers no right; it is a nullity. *See In re Garza,* 126 S.W.3d 268, 273 (Tex. App.–San Antonio 2003, orig. proceeding)

Here, the default judgment granted against Mann was based on an injunction order that was void. Because the injunction order is void, the default judgment which was based solely on Mann's alleged violation of that void injunction order may not be sustained. *See*

*In re Garza,* 126 S.W.3d at 273 (stating that a trial court that holds a party in contempt for violations of a void order abuses its discretion); *Ex parte Fernandez,* 645 S.W.2d 636, 639 (Tex. App.–El Paso 1983, orig. proceeding) (holding that because an underlying child support order was void, the attorney's fees based upon the void order must also be declared void); *see also In re Vaughn,* No. 12-09-00143-CV, 2009 WL 3288301 at *4 (Tex. App.–Tyler Oct. 14, 2009, orig. proceeding) (stating that because a temporary injunction order is void, the contempt judgment based on it is also void). We sustain Mann's first issue.

## III. Conclusion

Having sustained Mann's first issue because the order of injunction is void, we reverse the default judgment and remand the case to the trial court for entry of a judgment consistent with this opinion.


ROSE VELA
Justice



Delivered and filed the 28th
day of January, 2010.

5