

**NUMBER 13-09-591-CV**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI - EDINBURG**

---

**EMEX HOLDINGS, LLC,** **Appellant,**

**v.**

**ANTONIO NAIM AND ALFREDO NAIM,** **Appellees.**

---

**On appeal from the 332nd District Court
of Hidalgo County, Texas.**

---

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Yañez and Vela
Memorandum Opinion by Justice Vela**

This interlocutory appeal is from an order granting a temporary injunction against appellant, Emex Holdings, LLC, and in favor of appellees, Antonio and Alfredo Naim. Emex raises six issues for our review. Because the order granting the injunction does not contain a trial date, we reverse the trial court's order, declare the injunction void, and order

it dissolved.

## I. Background

The Naims, who are partners in Garden Group, LP, sued Emex, asserting numerous causes of action against Emex with respect to an alleged agreement to acquire real property to construct, operate, and manage a development project in Mexico City, which included a casino gambling facility. The Naims claimed that they agreed to surrender 66.6% of the partnership share in the Garden Group, LP in exchange for a 34% share in the revenue and equity of the casino gambling facility in Mexico City. They urged that the project was delayed by Emex, and although the project was completed, Emex has refused to abide by its agreement with Garden Group, has failed to distribute the revenues, and has failed to pay rent to Garden Group.

After filing suit, the Naims filed an application and amended applications for temporary restraining order, temporary injunction, and permanent injunction. In their third amended application for injunction, the Naims pleaded that unless Emex was immediately enjoined, Emex intended to hold a meeting to take action against the Naims for "some alleged failure to contribute to the financial losses of Garden Group, LP for failure to contribute to payment of delinquent principal, interest and late fees . . . ."

Emex moved to dismiss the suit based on forum non conveniens pursuant to a forum selection clause. The trial court conducted a hearing and granted a temporary injunction in favor of the Naims. The injunction order stated that the Naims will suffer irreparable harm if Emex is not restrained because the "[s]pecial Meeting seeks to predetermine issues subject to the present litigation in this Court and those issues are

2

being determined by the unilateral and oppressive actions of Defendants."

## II. STANDARD OF REVIEW

The standard of review of a trial court's decision to grant or deny a temporary injunction is abuse of discretion. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002). The test for abuse of discretion is to determine whether the trial court acted without reference to any guiding rules or principles, or whether under the circumstances of the case, the trial court's actions were arbitrary or unreasonable. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241-42 (Tex. 1985).

## III. APPLICABLE LAW

Texas Rule of Civil Procedure 683 requires that "[e]very order granting a temporary injunction shall include an order setting the cause for trial on the merits with respect to the ultimate relief sought." TEX. R. CIV. P. 683. The temporary injunction order at issue here does not include an order setting the cause for trial on the merits as required by rule 683. *Id.*; *see also EOG Res., Inc. v. Gutierrez,* 75 S.W.3d 50, 52 (Tex. App.–San Antonio 2002, no pet.) (providing that the reason for requiring injunction order to include trial date is to prevent temporary injunction from effectively becoming permanent without trial). The requirements of rule 683 are mandatory and must be strictly followed. *Qwest Commc'ns. Corp. v. AT&T Corp.,* 24 S.W.3d 334, 337 (Tex. 2000) (per curiam); *InterFirst Bank San Felipe, N.A. v. Paz Constr. Co.,* 715 S.W.2d 640, 641 (Tex. 1986) (per curiam). When a temporary injunction order does not meet the mandatory requirements of rule 683, it must be declared void and dissolved. *InterFirst,* 715 S.W.2d at 641 (setting out that temporary injunction that does not set cause for trial on merits is void and must be dissolved); *Bay*

3

*Fin. Sav. Bank, FSB v. Brown,* 142 S.W.3d 586, 591 (Tex. App.–Texarkana 2004, no pet.) (concluding that although error concerning the mandatory requirements of rule 683 was not raised in the brief on appeal, temporary injunction was void because it did not include order setting cause for trial on merits); *EOG Res.*, 75 S.W.3d at 53 (same); *Greathouse Ins. Agency, Inc. v. Tropical Invs., Inc.*, 718 S.W.2d 821, 822 (Tex. App.–Houston [14th Dist.] 1986, no writ) (same). A void order has no force or effect and confers no right; it is a nullity. *See In re Garza,* 126 S.W.3d 268, 271 (Tex. App.–San Antonio 2003, orig. proceeding).

## IV. ANALYSIS

The injunction order entered by the trial court states "this case is set for a DCC (Docket Control Conference) *to set trial on the merits* on October 28, 2009 at 2:00 p.m. in the 332nd District Court . . . ." (Emphasis added). Emex argues that under the applicable authority, the injunction is non-compliant with the rules of civil procedure and should be declared void. The Naims' position is that the order did effectively set the case for trial as required by the local rules of Hidalgo County. They point to three local rules, in particular, as authority. Local Rule 4.1 provides: "Docket Control Conference. A Docket Control Conference may be set at any time following the filing of an answer in said suit, upon the request of either party or upon the court's own Motion." Local Rule 4.4 provides: "Purpose of Docket Control Conference. The Docket Control Conference shall be conducted informally, and shall be for the purpose of arriving at a trial date and to consider such other matters as are necessary and proper under the circumstances in regard to the handling of the case." Finally, Local Rule 4.5 provides: "Scheduling Order. The Court shall enter an

4

Order which sets forth the trial date and recites any action taken or agreements made at the docket control conference." The Naims claim that by setting the case for a docket control conference, the trial court, in fact, set it for trial. We disagree.

A temporary injunction is an extraordinary remedy and does not issue as a matter of right. *Butnaru,* 84 S.W.3d at 204. Requiring a trial date to be placed in every injunction order prevents a temporary injunction from effectively becoming permanent without a trial. *EOG Res. Inc.*, 75 S.W.3d at 53. Every order must be specific and "not reference to the complaint or other document." TEX. R. CIV. P. 683; *Kaufman v. Morales* 93 S.W.3d 650, 657 (Tex. App.–Houston [14th Dist.] 2002, no pet.). Requiring a trial date on an injunction order also places the onus upon the party requesting injunctive relief to renew the injunction if the trial is delayed beyond the trial date set forth in the order.

This Court has held that reference to an existing docket control order is not a substitute for stating a trial date in the order itself*. Wyatt v. Cowley*, 74 S.W.3d 576, 577-78 (Tex. App.–Corpus Christi 2002, pet. dism'd). Logically, if a pre-existing docket control order is insufficient to comply with rule 683, then a yet to be entered docket control order, such as the order here, does not comply either.

The Hidalgo County local rules and rule 683 can be harmonized. In order to comply with rule 683, the Naims could have requested an immediate docket control conference prior to the injunction order being entered. Allowing a date setting a docket control conference to be substituted for a date setting the case for trial simply does not comply with the plain language of rule 683. Further, the failure of an order to set a case for trial on a date certain would potentially allow a party to amend a docket control order

5

indefinitely, having the effect of making the injunction permanent.

However, even if a conflict exists between the local rules and rule 683, the rules of civil procedure would prevail. *See* TEX. R. CIV. P. 3a(1). The Texas Rules of Civil Procedure have the dignity of statutory provisions and should be observed as such. *Centennial Ins. Co. v. Commercial Union Ins. Cos*., 803 S.W.2d 479, 482 (Tex. App.–Houston [14th Dist.] 1991, no writ). No other court is empowered to enact rules that are inconsistent with the rules promulgated by the Texas Supreme Court. *Id*. Further, Texas Rule of Civil Procedure 3a provides that any proposed local rule or amendment should not be inconsistent with the rules of civil procedure. TEX. R. CIV. P. 3a(1). Clearly, if a conflict exists, the Texas Rules of Civil Procedure prevail over the local rules of Hidalgo County, meaning that the local rules must be read within the context of rule 683.

We sustain issue one.

## V. CONCLUSION

Because the order granting the injunction does not contain a trial date, we reverse the trial court's order, declare the injunction void, and order it dissolved.


ROSE VELA
Justice


Delivered and filed the 27th
day of May, 2010.

6