

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-13-00900-CV

Gene **DeVOLL**,
Appellant

v.

Rebecca **DEMONBREUN** and William Dowds,
Appellees

From the 285th Judicial District Court, Bexar County, Texas
Trial Court No. 2013-CI-05169
Honorable Barbara Hanson Nellermoe, Judge Presiding

Opinion by:   Karen Angelini, Justice

Sitting:   Karen Angelini, Justice
Sandee Bryan Marion, Justice
Luz Elena D. Chapa, Justice

Delivered and Filed:  April 16, 2014

REVERSED; TEMPORARY INJUNCTION ORDER DISSOLVED

Gene DeVoll appeals an interlocutory order denying his motion to dissolve a temporary injunction. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(4) (West 2008). We reverse the order denying the motion to dissolve, and dissolve the temporary injunction order.

### BACKGROUND

On March 27, 2013, Rebecca Demonbreun and William Dowds sued DeVoll alleging the fraudulent transfer of certain partnership property. On April 9, 2013, Demonbreun and Dowds obtained a temporary injunction enjoining DeVoll from transferring, selling, encumbering, or

otherwise disposing of the partnership property. On the same day, but in a separate order, the trial court set the case for a non-jury trial. On June 28, 2013, DeVoll filed a motion to dissolve the temporary injunction, presenting several grounds for doing so. On December 18, 2013, the trial court held a hearing on DeVoll's motion to dissolve. The only ground presented at the hearing was that the temporary injunction should be dissolved because it did not include an order setting the case for trial. The trial court denied the motion to dissolve. This appeal ensued.

DISCUSSION

Rule 683 of the Texas Rules of Civil Procedure provides, in relevant part, "Every order granting a temporary injunction shall include an order setting the cause for trial on the merits with respect to the ultimate relief sought." TEX. R. CIV. P. 683. The Texas Supreme Court has explained that the requirements of Rule 683 are mandatory and must be strictly followed. *Qwest Communications Corp. v. AT&T Corp.*, 24 S.W.3d 334, 337 (Tex. 2000); *Interfirst Bank San Felipe, N.A. v. Paz Constr. Co.*, 715 S.W.2d 640, 641 (Tex. 1986). "When a temporary injunction order does not adhere to the requirements of Rule 683 the injunction order is subject to being declared void and dissolved." *Interfirst Bank*, 715 S.W.2d at 641; *see also Qwest*, 24 S.W.3d at 337; *Kotz v. Imperial Capital Bank*, 319 S.W.3d 54, 56 (Tex. App.—San Antonio 2010, no pet.). Intermediate appellate courts, including this court, have held that the failure to meet Rule 683's requirements renders the temporary injunction order fatally defective and void, even when the issue is not specifically raised on appeal. *EOG Res., Inc. v. Gutierrez*, 75 S.W.3d 50, 53 (Tex. App.—San Antonio 2002, no pet.); *Permian Chem. Co., Inc. v. State*, 746 S.W.2d 873, 874 (Tex. App.—El Paso 1988, writ dism'd); *Greathouse Ins. Agency, Inc. v. Tropical Inv., Inc.*, 718 S.W.2d 821, 822 (Tex. App.—Houston [14th Dist.] 1986, no writ).

Notwithstanding the case law requiring strict compliance with Rule 683, Demonbreun and Dowds argue the temporary injunction order in this case is not void because the trial court signed

a separate order setting the cause for trial on the same day it signed the temporary injunction order. We are not persuaded by this argument. Courts have articulated two reasons for Rule 683's requirement that a temporary injunction order include a trial date: (1) to prevent the temporary injunction from effectively becoming permanent without a trial; and (2) to ensure that the order itself is specific and complete on its face. *In re Garza*, 126 S.W.3d 268, 271 n. 3 (Tex. App.—San Antonio 2003, orig. proceeding) (citing *EOG Res.*, 75 S.W.3d at 53; *Kaufmann v. Morales*, 93 S.W.3d 650, 656-57 (Tex. App.—Houston [14th Dist.] 2002, no pet.)). "It is important for trial judges or parties to read the original order and have before them all information relevant to the injunction." *Kaufmann*, 93 S.W.3d at 657 (holding that a notation on a docket sheet setting the case for trial was not sufficient to meet the purpose of Rule 683).

Next, Demonbreun and Dowds argue the trial court was justified in not granting the motion to dissolve based on Rule 690 of the Texas Rules of Civil Procedure, which they contend required DeVoll to file a verified answer or motion to dissolve. Rule 690 sets forth "[t]he only prescribed response for a defendant to a temporary injunction proceeding." *Executive Tele-Communication Sys. v. Buchbaum*, 669 S.W.2d 400, 403 (Tex. App.—Dallas 1984, no writ). Rule 690 states: "The defendant to an injunction proceeding may answer as in other civil actions; but no injunction shall be dissolved before final hearing because of the denial of the material allegations of the plaintiff's petition, unless the answer denying the same is verified by the oath of the defendant." TEX. R. CIV. P. 690.

Neither DeVoll's answer, nor his motion to dissolve was verified.[1] However, the lack of verification has no effect on the motion to dissolve. First, according to its plain language, Rule 690 only prohibits the dissolution of an injunction in the absence of a verified pleading before "final

---

[1] A signed affidavit was attached to DeVoll's motion to dissolve, but it was not notarized.

hearing." Here, the trial court held a hearing on the motion to dissolve. *See Mullins v. Berryman*, 296 S.W.2d 805, 806 (Tex. Civ. App.—San Antonio 1956, writ ref'd n.r.e.) ("There was a full hearing, and after hearing the evidence it was not error for the court to dissolve the temporary injunction even though appellees' answer was not verified."). Second, we have determined that the trial court should have dissolved the temporary injunction order not because DeVoll denied the material allegations made by Demonbreun and Dowds, but because the temporary injunction order, on its face, failed to meet the requirements of Rule 683. *See Arcola Sugar Mills Co. v. Rodriguez*, 18 S.W.2d 844, 845 (Tex. Civ. App.—Beaumont 1929, no writ) (recognizing that the defendant may sometimes successfully attack a temporary injunction without filing a verified pleading, such as when the facts alleged by the plaintiff are legally insufficient to support a temporary injunction).

Because the trial court's temporary injunction order failed to comply with Rule 683, the trial court erred in denying DeVoll's motion to dissolve. We, therefore, reverse the trial court's order and dissolve the temporary injunction order. *See Conlin v. Haun*, 419 S.W.3d 682, 686-87 (Tex. App.—Houston [1st Dist.] 2013, no pet.) (dissolving a temporary injunction order when it failed to set the case for trial); *EOG Res.*, 75 S.W.3d at 53 (same).

Karen Angelini, Justice