**Russell CHAMBERS, Appellant**

v.

**Ronald ROSENBERG, Appellee.**

No. 03–95–00325–CV.

Court of Appeals of Texas, Austin.

Feb. 7, 1996.

Rehearing Overruled March 20, 1996.

Douglass D. Hearne, Jr., Hearne & Eppright, Austin, for Appellant.

Ronald Rosenberg [No Appellee's Brief filed], Austin, Pro Se.

Before CARROLL, C.J., and JONES and B.A. SMITH, JJ.

PER CURIAM.

Russell Chambers appeals from the trial court's denial of his motion for contempt by Ronald Rosenberg. Chambers contends that Rosenberg's actions violated an agreed temporary injunction and an agreed final judgment and permanent injunction. The trial court held that the temporary injunction was void *ab initio* because no bond was executed. The court found that the final judgment was vague, ambiguous, overly broad, and unenforceable, but did not find it void; the court simply denied the motion for contempt. We will affirm the order of the trial court.

We cannot review the denial of the motion for contempt of the agreed final judgment and permanent injunction. The denial of a motion for contempt is not appealable because it is not a final order. *Norman v. Norman,* 692 S.W.2d 655, 655 (Tex.1985); *Velez v. DeLara,* 905 S.W.2d 43, 46 (Tex. App.—San Antonio 1995, no writ). We therefore overrule points three and four by which Chambers complains of the court's assessment of the final judgment.

We can review the declaration that the agreed temporary injunction was void *ab initio* because of the lack of a bond. The supreme court has construed strictly the requirement of Texas Rule of Civil Procedure 684 that, before a trial court issues a temporary restraining order or temporary injunction, the applicant shall execute and file with the clerk a bond to the adverse party. *Goodwin v. Goodwin,* 456 S.W.2d 885, 885 (Tex. 1970) (holding that the failure of the applicant to file a bond before the issuance of the temporary injunction renders the injunction void *ab initio* ); *Lancaster v. Lancaster,* 155 Tex. 528, 291 S.W.2d 303, 308 (1956) (holding that bond provisions of Rule 684 are manda-

tory and that an injunction issued without a bond is void); *see also Ex parte Jordan,* 787 S.W.2d 367, 368 (Tex.1990) (holding temporary restraining order void for lack of requirement of separate bond); *Ex parte Lesher,* 651 S.W.2d 734, 735–36 (Tex.1983) (holding temporary restraining order void because court waived bond); *but see Ludewig v. Houston Pipeline Co.,* 737 S.W.2d 15, 16 (Tex.App.—Corpus Christi. 1987, no writ) (holding that errors other than jurisdiction render the judgment voidable within the standard appellate timetable). The court has held that temporary orders filed without the bond are void, not merely voidable. *Goodwin,* 456 S.W.2d at 885; *Lesher,* 651 S.W.2d at 735–36. Though none of the cited cases explicitly concerns an agreed order, we find the strong theme of literal construction of the rule convinces us that we should construe the rule literally in this case; we are particularly persuaded to do so because the parties here did not explicitly waive the protection of a bond. The temporary injunction was void for lack of a bond. We overrule point two.

■ Chambers contends by point one that the trial court exceeded its jurisdiction in improperly setting aside the consent agreements. Our affirmance of the conclusion that the temporary injunction was void, however, defeats this claim. The supreme court has held that a judgment which discloses its invalidity on its face is a nullity and may be disregarded anywhere at any time. *Fulton v. Finch,* 162 Tex. 351, 346 S.W.2d 823, 827 (1961). Though courts generally apply this rule only for jurisdictional defects, the supreme court's insistence that temporary injunctions issued without bonds are *void* convinces us that the trial court correctly disregarded the temporary injunction here. The trial court did not set aside the final judgment and permanent injunction. We overrule point one.

We do not reach point five, which concerned the scope of the temporary injunction. We need not consider the scope of a void order.

We affirm the order of the trial court.