NUMBER 13-10-00609-CV

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT OF TEXAS

 

                                  CORPUS CHRISTI -
EDINBURG

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



CITY OF MCALLEN,                                                                     
Appellant,

 

v.

 

MCALLEN POLICE OFFICERS’ UNION

AND JOSE ANGEL GARCIA, PRESIDENT,                             Appellees.

 

 



On appeal from the 93rd District
Court

of Hidalgo County, Texas.

 

 



     MEMORANDUM OPINION

 

Before Chief Justice Valdez and
Justices Rodriguez and Perkes

Memorandum Opinion by Chief Justice
Valdez

 

            Appellant, the City of McAllen (the
“City”), challenges the trial court’s order implicitly denying the City’s plea
to the jurisdiction and granting a temporary injunction in favor of appellees,
the McAllen Police Officers’ Union and Jose Angel Garcia, President
(collectively the “MPOU”).  By two issues, the City argues that the temporary
injunction is void.  By a third issue, the City argues that the trial court
abused its discretion in issuing the temporary injunction because there is no
or insufficient evidence to support the essential elements of the MPOU’s request
for a temporary injunction.  We reverse the order of the trial court, dissolve
the temporary injunction, and remand for proceedings consistent with this
opinion.

I.             
Background

This dispute pertains to a
Collective Bargaining Agreement (“CBA”) between the City and the MPOU.  The CBA
at issue covered fiscal years 2006-2007 through 2009-2010, and was set to
expire on September 30, 2010.  Prior to the expiration of the CBA,
representatives from the City and the MPOU began to negotiate for a new CBA. 
The negotiations commenced when the MPOU provided written notice to the City,
in January 2010, of its wish to enter into collective bargaining for a new
CBA.  The City retained “Ray Cowley, an Attorney with Cox & Smith” to serve
as its negotiator.  The parties were allegedly unable to agree upon a set of
bargaining rules.  Nevertheless, the parties agreed to proceed with the
negotiation process.[1]

In its original petition,
the MPOU alleged that, at this point, Cowley insisted on scheduling bargaining
sessions around the schedule and availability of City of McAllen Police Chief
Victor Rodriguez, even though Chief Rodriguez was not a member of the City’s
bargaining team.  The MPOU acknowledged that Cowley attended every scheduled
bargaining session, but alleged that he did not have any authority to agree to
any terms.  The MPOU complained that the City never attended a single
bargaining session with its full bargaining team.  The City Manager, City
Attorney, City Human Resource Manager, and the City Commissioners allegedly
never attended a single bargaining session.  MPOU President Garcia, also a
Sergeant for the McAllen Police Department, described the City’s approach to
the bargaining sessions as a “meet, discuss[,] and I’ll get back to [you] type
of approach.”

According to its original
petition, the MPOU made several proposals to the City for inclusion in the new
CBA, including “Non-financial Articles and Financial Articles.”  Among the
“Financial Articles” proposed by the MPOU was a “previously agreed salary
increase.”  The MPOU asserted that more than a year before September 29, 2010,
the City promised City police officers a 3.5% salary increase, in accordance
with the CBA.  When the salary increase was due to be implemented, the City
“approached [the] MPOU with cries of financial dire straits.”  In response to
the City’s information, the MPOU agreed to accept a 1% salary increase
effective immediately and to defer the remaining 2.5% salary increase for one
year—which then should have been implemented during the last pay period of the
2010 fiscal year.  At the time of filing of the MPOU’s original petition, the
2.5% salary increase had not been paid, even though the time for implementation
had passed.  The City allegedly told the MPOU that “it will not pay the
remaining 2.5% salary increase in accordance with the terms of the CBA and the
subsequent agreement.”

Other proposals made by
the MPOU apparently were rejected outright by the City, or the City made
substantial revisions to the proposals, which included provisions for
retirement, hospitalization, and medical insurance for retired police officers
and their families.  As a result, the parties were unable to agree on a new
CBA.

The MPOU alleges that on
September 28, 2010, the City notified the MPOU that it intended to continue
negotiating with the MPOU once the CBA expired on September 30, 2010.  The MPOU,
however, alleged that further negotiations 

would
serve no purpose and should the City decide to impose any new terms and
conditions unilaterally, [the] MPOU would be given at least 72-hour written
notice before any unilateral action is taken.  It should be noted that under
the terms of the CBA[,] the City is required to meet and confer and otherwise
collectively bargain in good faith with [the] MPOU.  It will be under no such
mandatory obligation to do so beginning on October 1, 2010.

 

As a result of the
above-mentioned perceived slights, the MPOU filed its original petition on September
29, 2010, seeking a declaration of the parties’ rights under various provisions
of chapter 174 of the local government code, asserting that the City breached
its duty to collectively bargain in good faith, and requesting injunctive
relief to allow for the expiring CBA to remain in effect or, in other words,
maintain the status quo.[2] 
See Tex. Local Gov’t Code Ann.
§§ 174.102, 174.105 (West 2008).  On September 30, 2010, the trial court signed
an order granting the MPOU’s request for a temporary restraining order (“TRO”),
which, as the City points out, required “the City to keep in effect the CBA’s
terms following its September 30, 2010 expiration.”[3]  The trial court
set the hearing for the MPOU’s request for a temporary injunction for October
7, 2010.  

Prior to the scheduled
October 7, 2010 hearing on its request for a temporary injunction, the MPOU
filed a motion to extend the TRO for good cause through October 21, 2010.  Thereafter,
the City filed a plea to the jurisdiction, challenging the constitutionality of
section 174.252 of the local government code, arguing that the trial court
could not enforce “good faith” bargaining, and asserting that the trial court
lacked subject-matter jurisdiction to compel through injunction the continuance
of the expired CBA based upon the mootness doctrine.  See id. §
174.252 (West 2008).  At the conclusion of the first day of the hearing on the
MPOU’s request for a temporary injunction, the trial court entered an order for
mediation, which ordered (1) the parties to attend mediation at some point
before October 15, 2010, and (2) several members of City government, including
the City Manager or his authorized Deputy, the Mayor or Mayor Pro Tem, and at
least one City Commissioner, to attend the mediation.[4]

On October 12, 2010, the
City filed its original answer denying the allegations made by the MPOU in its
original petition.  Subsequently, on October 14, 2010, the City filed
objections to and a motion for reconsideration of the trial court’s mediation
order.  On October 21, 2010, the hearing on the MPOU’s temporary injunction
request resumed.[5] 
At the conclusion of the hearing, the trial court granted the MPOU’s request
for a temporary injunction, which ordered the City to bargain in good faith
with the MPOU and restrained the City from “interfering with, restraining, or
coercing its employees in the exercise of their rights.”  The temporary
injunction order did not set the matter for a trial on the merits, and the
order specifically noted that the parties waived the bond associated with the
temporary injunction.  See Tex.
R. Civ. P. 684 (“In the order granting any temporary restraining order
or temporary injunction, the court shall fix the amount of security to be given
by the applicant.”).

This accelerated, interlocutory
appeal followed.  See Tex. Civ.
Prac. & Rem. Code Ann. § 51.014(a)(4), (8) (West 2008)[6]; see also
Tex. R. App. P. 28.1.    

II.           
Analysis

By its second issue, the
City argues that the trial court’s temporary injunction order is void for
failing to set the matter for trial on the merits and for failing to require
the MPOU to provide a bond.  See Tex.
R. Civ. P. 683, 684.  The MPOU concedes that the temporary injunction
order is void for failing to set the matter for trial on the merits. 

Texas Rules of Civil
Procedure 683 requires that “[e]very order granting a temporary injunction
shall include an order setting the cause for trial on the merits with respect
to the ultimate relief sought.”  Tex. R.
Civ. P. 683.  The temporary injunction order at issue here does not
include an order setting the cause for trial on the merits as required by rule
683.  See id.; see also EOG Res., Inc. v. Gutierrez, 75 S.W.3d
50, 52 (Tex. App.–San Antonio 2002, no pet.) (providing that the reason for requiring
an injunction order to include a trial date is to prevent the temporary
injunction from effectively becoming a permanent injunction without a trial). 
The requirements of rule 683 are mandatory and must be strictly followed.  Qwest
Commc’ns Corp. v. AT&T Corp., 24 S.W.3d 334, 337 (Tex. 2000) (per
curiam); InterFirst Bank San Felipe, N.A. v. Paz Constr. Co., 715 S.W.2d
640, 641 (Tex. 1986) (per curiam).  When a temporary injunction order does not
meet the mandatory requirements of rule 683, it must be declared void and
dissolved.  InterFirst Bank San Felipe, N.A., 715 S.W.2d at 641 (holding
that a temporary injunction that does not set a cause for trial on the merits
is void and must be dissolved); Bay Fin. Sav. Bank, FSB v. Brown, 142
S.W.3d 586, 591 (Tex. App.–Texarkana 2004, no pet.) (concluding that, although
error concerning the mandatory requirements of rule 683 was not raised in the
brief on appeal, the temporary injunction was void because it did not include
an order setting the cause for trial on the merits); EOG Res., Inc., 75
S.W.3d at 53 (same); Greathouse Ins. Agency, Inc. v. Tropical Invs., Inc.,
718 S.W.2d 821, 822 (Tex. App.–Houston [14th Dist.] 1986, no writ) (same).  A
void order has no force or effect and confers no right; it is a nullity.  See
In re Garza, 126 S.W.3d 268, 271 (Tex. App.–San Antonio 2003, orig.
proceeding).  

Because the temporary
injunction order does not set this matter for trial on the merits and the MPOU
concedes as much, we conclude that the trial court’s temporary injunction order
violates Texas Rule of Civil Procedure 683.  See Tex. R. Civ. P. 683; see also EOG Res., Inc.,
75 S.W.3d at 52.  As such, we hold that the temporary injunction order is void
and must be dissolved.[7] 
See Qwest Commc’ns Corp., 24 S.W.3d at 337; see also InterFirst
Bank San Felipe, N.A., 715 S.W.2d at 641; Brown, 142 S.W.3d at 591; EOG
Res., Inc., 75 S.W.3d at 53; Greathouse Ins. Agency, Inc., 718
S.W.2d at 822.  Accordingly, we sustain the City’s second issue.[8]

III.          
Conclusion

Having sustained the
City’s second issue, we reverse the order of the trial court, dissolve the
temporary injunction, and remand for proceedings consistent with this opinion.

                                                                                    __________________                    

Rogelio Valdez

                                                                                                Chief
Justice

 

Delivered and filed the


2nd day of June, 2011.

 

 









[1] With respect to
the beginning of the collective bargaining process at issue in this case, MPOU
President Garcia testified the MPOU notified the City of its desire to collectively
bargain on January 23 or 25, 2010, but that the first meeting between the parties
did not occur until May 4, 2010.  





[2] In its original
petition, the MPOU also noted that:

 

As of the filing of
this petition and application for temporary restraining order[,] there is no
written agreement between [the] MPOU and the City on any of the articles of the
current CBA as is required by Local Government Code 174.152.  Therefore[,] a
dispute exists as to each any [sic] every article contained therein.  Plaintiff
considers the parties to have reached an impasse in the collective bargaining
process.

 

See Tex.
Local Gov’t Code Ann. § 174.152.  Also on September 29, 2010, counsel
for the MPOU sent the City a letter explicitly declaring an impasse in
negotiations.  

 





[3] The trial court
stated in open court that it was granting the MPOU’s request for a TRO, in
part, because the police officers are barred from engaging in a strike or
slowdown, unlike employees in the private sector.  See id. § 174.202
(West 2008).  

 





[4] At the
subsequent October 21, 2010 hearing, the trial court stated in open court that
the City did not comply with the trial court’s mediation order; specifically,
the City did not ensure that the listed individuals in the mediation order
attend the mediation.

 





[5]  During the
October 21, 2010 hearing, the parties informed the trial court that they had
agreed to federal arbitration for the following day.

 





[6] The parties
agree that the City is a governmental unit, as defined in section 101.001 of
the civil practice and remedies code, and that the City is authorized to appeal
the trial court’s implicit denial of its plea to the jurisdiction pursuant to
section 51.014(a)(8) of the civil practice and remedies code.  See Tex. Civ. Prac. & Rem. Code Ann. §§
51.014(a)(8), 101.001(3) (West 2008 & 2011)





[7] At oral
argument, counsel for the MPOU represented to the Court that a motion nunc pro
tunc is pending in the trial court to amend the temporary injunction order to
comply with rule 683 by including a trial date.  See Tex. R. Civ. P. 683  The resolution of
that motion is not currently before this Court, and regardless of how or
whether the trial court rules on the MPOU’s motion, we note that the temporary
injunction order violates the bond provision of Texas Rule of Civil Procedure
684.  See id. at R. 684.  At the temporary injunction hearing, counsel
for the MPOU moved for the trial court to indicate in the order that the
parties waived rule 684’s bond provision.  When the trial court asked counsel
for the City whether this was indeed true, counsel responded, “I haven’t
researched it, Your Honor.  I just got served with this last night.”  Clearly,
the record does not indicate that the parties expressly waived rule 684’s bond
provision.  Nonetheless, whether the City agreed to the waiver is immaterial
because the failure of the temporary injunction order to comply with rule 684
renders the order void, and “a party who agrees to a void order has agreed to
nothing.”  In re Garza, 126 S.W.3d 268, 271 (Tex. App.–San Antonio 2003,
orig. proceeding).  Moreover, the trial court was not authorized to sua sponte
waive the requirements of rule 684; thus, we conclude that the temporary
injunction order is void and must be dissolved for failing to comply with rule
684.  See Ex parte Lesher, 651 S.W.2d 734, 736 (Tex. 1983) (concluding
that the district court erred in waiving rule 684’s bond provision prior to
issuing a temporary restraining order); Goodwin v. Goodwin, 456 S.W.2d
885, 885 (Tex. 1970) (holding that the failure of the applicant to file a bond
before issuance of the temporary injunction renders the injunction void ab
initio); Lancaster v. Lancaster, 291 S.W.2d 303, 308 (Tex. 1956)
(holding that the bond provisions of rule 684 are mandatory and that an
injunction issued without a bond is void); Chambers v. Rosenberg, 916
S.W.2d 633, 634-35 (Tex. App.–Austin 1996, no writ); see also River Oaks
Prop. Owners, Inc. v. Jamail, No. 14-96-0173-CV, 1996 Tex. App. LEXIS 1066,
at *6 (Tex. App.–Houston [14th Dist.] Mar. 12, 1996, no writ) (mem. op.) (“A
temporary injunction that does not fix a bond is fatally defective on its face
and void ab initio, requiring reversal.”).

 





[8] Because we have
concluded that the trial court’s temporary injunction order is void and should
be dissolved, we need not address the City’s third issue, as it pertains to the
essential elements of the MPOU’s entitlement to the temporary injunction.  See
Tex. R. App. P. 47.1.  In
addition, because the City’s jurisdictional arguments attack the trial court’s
temporary injunction order, and because we have concluded that the temporary
injunction order is void, we need not address the City’s first issue.  See
id.