

# NUMBER 13-10-00609-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**CITY OF MCALLEN,**                                         **Appellant,**

**v.**

**MCALLEN POLICE OFFICERS' UNION**
**AND JOSE ANGEL GARCIA, PRESIDENT,**            **Appellees.**

---

## On appeal from the 93rd District Court
## of Hidalgo County, Texas.

---

## MEMORANDUM OPINION

## Before Chief Justice Valdez and Justices Rodriguez and Perkes
## Memorandum Opinion by Chief Justice Valdez

Appellant, the City of McAllen (the "City"), challenges the trial court's order implicitly denying the City's plea to the jurisdiction and granting a temporary injunction in favor of appellees, the McAllen Police Officers' Union and Jose Angel Garcia, President (collectively the "MPOU"). By two issues, the City argues that the temporary injunction is void. By a third issue, the City argues that the trial court abused its discretion in

issuing the temporary injunction because there is no or insufficient evidence to support the essential elements of the MPOU's request for a temporary injunction. We reverse the order of the trial court, dissolve the temporary injunction, and remand for proceedings consistent with this opinion.

## I. BACKGROUND

This dispute pertains to a Collective Bargaining Agreement ("CBA") between the City and the MPOU. The CBA at issue covered fiscal years 2006-2007 through 2009-2010, and was set to expire on September 30, 2010. Prior to the expiration of the CBA, representatives from the City and the MPOU began to negotiate for a new CBA. The negotiations commenced when the MPOU provided written notice to the City, in January 2010, of its wish to enter into collective bargaining for a new CBA. The City retained "Ray Cowley, an Attorney with Cox & Smith" to serve as its negotiator. The parties were allegedly unable to agree upon a set of bargaining rules. Nevertheless, the parties agreed to proceed with the negotiation process.[1]

In its original petition, the MPOU alleged that, at this point, Cowley insisted on scheduling bargaining sessions around the schedule and availability of City of McAllen Police Chief Victor Rodriguez, even though Chief Rodriguez was not a member of the City's bargaining team. The MPOU acknowledged that Cowley attended every scheduled bargaining session, but alleged that he did not have any authority to agree to any terms. The MPOU complained that the City never attended a single bargaining session with its full bargaining team. The City Manager, City Attorney, City Human Resource Manager, and the City Commissioners allegedly never attended a single

---

[1] With respect to the beginning of the collective bargaining process at issue in this case, MPOU President Garcia testified the MPOU notified the City of its desire to collectively bargain on January 23 or 25, 2010, but that the first meeting between the parties did not occur until May 4, 2010.

2

bargaining session. MPOU President Garcia, also a Sergeant for the McAllen Police Department, described the City's approach to the bargaining sessions as a "meet, discuss[,] and I'll get back to [you] type of approach."

According to its original petition, the MPOU made several proposals to the City for inclusion in the new CBA, including "Non-financial Articles and Financial Articles." Among the "Financial Articles" proposed by the MPOU was a "previously agreed salary increase." The MPOU asserted that more than a year before September 29, 2010, the City promised City police officers a 3.5% salary increase, in accordance with the CBA. When the salary increase was due to be implemented, the City "approached [the] MPOU with cries of financial dire straits." In response to the City's information, the MPOU agreed to accept a 1% salary increase effective immediately and to defer the remaining 2.5% salary increase for one year—which then should have been implemented during the last pay period of the 2010 fiscal year. At the time of filing of the MPOU's original petition, the 2.5% salary increase had not been paid, even though the time for implementation had passed. The City allegedly told the MPOU that "it will not pay the remaining 2.5% salary increase in accordance with the terms of the CBA and the subsequent agreement."

Other proposals made by the MPOU apparently were rejected outright by the City, or the City made substantial revisions to the proposals, which included provisions for retirement, hospitalization, and medical insurance for retired police officers and their families. As a result, the parties were unable to agree on a new CBA.

The MPOU alleges that on September 28, 2010, the City notified the MPOU that it intended to continue negotiating with the MPOU once the CBA expired on September 30, 2010. The MPOU, however, alleged that further negotiations

> would serve no purpose and should the City decide to impose any new terms and conditions unilaterally, [the] MPOU would be given at least 72-hour written notice before any unilateral action is taken. It should be noted that under the terms of the CBA[,] the City is required to meet and confer and otherwise collectively bargain in good faith with [the] MPOU. It will be under no such mandatory obligation to do so beginning on October 1, 2010.

As a result of the above-mentioned perceived slights, the MPOU filed its original petition on September 29, 2010, seeking a declaration of the parties' rights under various provisions of chapter 174 of the local government code, asserting that the City breached its duty to collectively bargain in good faith, and requesting injunctive relief to allow for the expiring CBA to remain in effect or, in other words, maintain the status quo.[2] *See* TEX. LOCAL GOV'T CODE ANN. §§ 174.102, 174.105 (West 2008). On September 30, 2010, the trial court signed an order granting the MPOU's request for a temporary restraining order ("TRO"), which, as the City points out, required "the City to keep in effect the CBA's terms following its September 30, 2010 expiration."[3] The trial

---

[2] In its original petition, the MPOU also noted that:

> As of the filing of this petition and application for temporary restraining order[,] there is no written agreement between [the] MPOU and the City on any of the articles of the current CBA as is required by Local Government Code 174.152. Therefore[,] a dispute exists as to each any [sic] every article contained therein. Plaintiff considers the parties to have reached an impasse in the collective bargaining process.

*See* TEX. LOCAL GOV'T CODE ANN. § 174.152. Also on September 29, 2010, counsel for the MPOU sent the City a letter explicitly declaring an impasse in negotiations.

[3] The trial court stated in open court that it was granting the MPOU's request for a TRO, in part, because the police officers are barred from engaging in a strike or slowdown, unlike employees in the private sector. *See id.* § 174.202 (West 2008).

4

court set the hearing for the MPOU's request for a temporary injunction for October 7, 2010.

Prior to the scheduled October 7, 2010 hearing on its request for a temporary injunction, the MPOU filed a motion to extend the TRO for good cause through October 21, 2010. Thereafter, the City filed a plea to the jurisdiction, challenging the constitutionality of section 174.252 of the local government code, arguing that the trial court could not enforce "good faith" bargaining, and asserting that the trial court lacked subject-matter jurisdiction to compel through injunction the continuance of the expired CBA based upon the mootness doctrine. *See id.* § 174.252 (West 2008). At the conclusion of the first day of the hearing on the MPOU's request for a temporary injunction, the trial court entered an order for mediation, which ordered (1) the parties to attend mediation at some point before October 15, 2010, and (2) several members of City government, including the City Manager or his authorized Deputy, the Mayor or Mayor Pro Tem, and at least one City Commissioner, to attend the mediation.[4]

On October 12, 2010, the City filed its original answer denying the allegations made by the MPOU in its original petition. Subsequently, on October 14, 2010, the City filed objections to and a motion for reconsideration of the trial court's mediation order. On October 21, 2010, the hearing on the MPOU's temporary injunction request resumed.[5] At the conclusion of the hearing, the trial court granted the MPOU's request for a temporary injunction, which ordered the City to bargain in good faith with the

---

[4] At the subsequent October 21, 2010 hearing, the trial court stated in open court that the City did not comply with the trial court's mediation order; specifically, the City did not ensure that the listed individuals in the mediation order attend the mediation.

[5] During the October 21, 2010 hearing, the parties informed the trial court that they had agreed to federal arbitration for the following day.

5

MPOU and restrained the City from "interfering with, restraining, or coercing its employees in the exercise of their rights." The temporary injunction order did not set the matter for a trial on the merits, and the order specifically noted that the parties waived the bond associated with the temporary injunction. *See* TEX. R. CIV. P. 684 ("In the order granting any temporary restraining order or temporary injunction, the court shall fix the amount of security to be given by the applicant.").

This accelerated, interlocutory appeal followed. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(4), (8) (West 2008)[6]; *see also* TEX. R. APP. P. 28.1.

## II. ANALYSIS

By its second issue, the City argues that the trial court's temporary injunction order is void for failing to set the matter for trial on the merits and for failing to require the MPOU to provide a bond. *See* TEX. R. CIV. P. 683, 684. The MPOU concedes that the temporary injunction order is void for failing to set the matter for trial on the merits.

Texas Rules of Civil Procedure 683 requires that "[e]very order granting a temporary injunction shall include an order setting the cause for trial on the merits with respect to the ultimate relief sought." TEX. R. CIV. P. 683. The temporary injunction order at issue here does not include an order setting the cause for trial on the merits as required by rule 683. *See id.*; *see also EOG Res., Inc. v. Gutierrez*, 75 S.W.3d 50, 52 (Tex. App.–San Antonio 2002, no pet.) (providing that the reason for requiring an injunction order to include a trial date is to prevent the temporary injunction from effectively becoming a permanent injunction without a trial). The requirements of rule

---

[6] The parties agree that the City is a governmental unit, as defined in section 101.001 of the civil practice and remedies code, and that the City is authorized to appeal the trial court's implicit denial of its plea to the jurisdiction pursuant to section 51.014(a)(8) of the civil practice and remedies code. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 51.014(a)(8), 101.001(3) (West 2008 & 2011)

683 are mandatory and must be strictly followed. *Qwest Commc'ns Corp. v. AT&T Corp.*, 24 S.W.3d 334, 337 (Tex. 2000) (per curiam); *InterFirst Bank San Felipe, N.A. v. Paz Constr. Co.*, 715 S.W.2d 640, 641 (Tex. 1986) (per curiam). When a temporary injunction order does not meet the mandatory requirements of rule 683, it must be declared void and dissolved. *InterFirst Bank San Felipe, N.A.*, 715 S.W.2d at 641 (holding that a temporary injunction that does not set a cause for trial on the merits is void and must be dissolved); *Bay Fin. Sav. Bank, FSB v. Brown*, 142 S.W.3d 586, 591 (Tex. App.–Texarkana 2004, no pet.) (concluding that, although error concerning the mandatory requirements of rule 683 was not raised in the brief on appeal, the temporary injunction was void because it did not include an order setting the cause for trial on the merits); *EOG Res., Inc.*, 75 S.W.3d at 53 (same); *Greathouse Ins. Agency, Inc. v. Tropical Invs., Inc.*, 718 S.W.2d 821, 822 (Tex. App.–Houston [14th Dist.] 1986, no writ) (same). A void order has no force or effect and confers no right; it is a nullity. *See In re Garza*, 126 S.W.3d 268, 271 (Tex. App.–San Antonio 2003, orig. proceeding).

Because the temporary injunction order does not set this matter for trial on the merits and the MPOU concedes as much, we conclude that the trial court's temporary injunction order violates Texas Rule of Civil Procedure 683. *See* TEX. R. CIV. P. 683; *see also EOG Res., Inc.*, 75 S.W.3d at 52. As such, we hold that the temporary injunction order is void and must be dissolved.[7] *See Qwest Commc'ns Corp.*, 24

---

[7] At oral argument, counsel for the MPOU represented to the Court that a motion nunc pro tunc is pending in the trial court to amend the temporary injunction order to comply with rule 683 by including a trial date. *See* TEX. R. CIV. P. 683 The resolution of that motion is not currently before this Court, and regardless of how or whether the trial court rules on the MPOU's motion, we note that the temporary injunction order violates the bond provision of Texas Rule of Civil Procedure 684. *See id.* at R. 684. At the temporary injunction hearing, counsel for the MPOU moved for the trial court to indicate in the order that the parties waived rule 684's bond provision. When the trial court asked counsel for the City whether this was indeed true, counsel responded, "I haven't researched it, Your Honor. I just got served with this last night." Clearly, the record does not indicate that the parties expressly waived rule 684's bond

7

S.W.3d at 337; *see also InterFirst Bank San Felipe, N.A.*, 715 S.W.2d at 641; *Brown*, 142 S.W.3d at 591; *EOG Res., Inc.*, 75 S.W.3d at 53; *Greathouse Ins. Agency, Inc.*, 718 S.W.2d at 822. Accordingly, we sustain the City's second issue.[8]

### III. CONCLUSION

Having sustained the City's second issue, we reverse the order of the trial court, dissolve the temporary injunction, and remand for proceedings consistent with this opinion.

_____
ROGELIO VALDEZ
Chief Justice

Delivered and filed the
2nd day of June, 2011.

---

provision. Nonetheless, whether the City agreed to the waiver is immaterial because the failure of the temporary injunction order to comply with rule 684 renders the order void, and "a party who agrees to a void order has agreed to nothing." *In re Garza*, 126 S.W.3d 268, 271 (Tex. App.–San Antonio 2003, orig. proceeding). Moreover, the trial court was not authorized to sua sponte waive the requirements of rule 684; thus, we conclude that the temporary injunction order is void and must be dissolved for failing to comply with rule 684. *See Ex parte Lesher*, 651 S.W.2d 734, 736 (Tex. 1983) (concluding that the district court erred in waiving rule 684's bond provision prior to issuing a temporary restraining order); *Goodwin v. Goodwin*, 456 S.W.2d 885, 885 (Tex. 1970) (holding that the failure of the applicant to file a bond before issuance of the temporary injunction renders the injunction void ab initio); *Lancaster v. Lancaster*, 291 S.W.2d 303, 308 (Tex. 1956) (holding that the bond provisions of rule 684 are mandatory and that an injunction issued without a bond is void); *Chambers v. Rosenberg*, 916 S.W.2d 633, 634-35 (Tex. App.–Austin 1996, no writ); *see also River Oaks Prop. Owners, Inc. v. Jamail*, No. 14-96-0173-CV, 1996 Tex. App. LEXIS 1066, at *6 (Tex. App.–Houston [14th Dist.] Mar. 12, 1996, no writ) (mem. op.) ("A temporary injunction that does not fix a bond is fatally defective on its face and void *ab initio*, requiring reversal.").

[8] Because we have concluded that the trial court's temporary injunction order is void and should be dissolved, we need not address the City's third issue, as it pertains to the essential elements of the MPOU's entitlement to the temporary injunction. *See* Tex. R. App. P. 47.1. In addition, because the City's jurisdictional arguments attack the trial court's temporary injunction order, and because we have concluded that the temporary injunction order is void, we need not address the City's first issue. *See id.*