**Reverse and Remand and Opinion Filed this June 19, 2013**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-12-01580-CV

## MICHAEL LODISPOTO, Appellant
V.
## ADI RUVOLO, Appellee

**On Appeal from the 429th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 429-03660-2012**

## MEMORANDUM OPINION
Before Justices Francis, Evans and Richter[1]
Opinion by Justice Francis

In this interlocutory appeal, Michael Lodispoto appeals the trial court's order granting a temporary injunction. Lodispoto argues the temporary injunction is void because, among other things, it does not contain a trial setting or provide for a bond. He also argues a subsequent order enforcing the injunction is void.

Rule 683 requires every order granting a temporary injunction to include an order setting the cause for trial on the merits. TEX. R. CIV. P. 683. The purpose of a temporary injunction is to preserve the status quo of the subject matter of the suit, pending a final trial on the merits of the case. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002). A trial date must be

---

1. The Honorable Martin E. Richter, Retired Justice, sitting by assignment

included in an injunction order to protect the parties from being subject to a temporary injunction made permanent by the trial court's failure to set the matter for a final determination on the merits. *EOG Resources, Inc. v. Gutierrez*, 75 S.W.3d 50, 53 (Tex. App.—San Antonio 2002, no pet.).

Similarly, rule 683 requires the court to "fix the amount of security to be given by the applicant." TEX. R. CIV. P. 683. This rule is strictly construed. *See Chambers v. Rosenberg*, 916 S.W.2d 633, 634 (Tex. App.—Austin 1996, writ denied) (per curiam). Before a trial court issues a temporary injunction, the applicant must execute a bond to the adverse party and file the bond with the court clerk. TEX. R. CIV. P. 683.

The procedural requirements of rules 683 and 684 are mandatory. *Qwest Commc'ns Corp. v. AT&T Corp.*, 24 S.W.3d 334, 337 (Tex. 2000) (per curiam). An order granting a temporary injunction that does not meet these requirements is subject to being declared void and dissolved. *Id.*

Here, the order granting the temporary injunction does not set the case for trial nor does it provide for a bond; accordingly, the order is void. We sustain the first issue.

Just more than a month after granting the temporary injunction, the trial court signed a second order granting a motion to enforce the injunction and order to show cause. Lodispoto argues that because the temporary injunction order was void, this order is likewise void. Again, we agree. *See Gray Wireline Svc., Inc. v. Cavanna*, 374 S.W.3d 464, 472 (Tex. App.—Waco 2011, no pet.) ("A void order has no force or effect and confers no right; it is a nullity."); *In re Garza*, 126 S.W.3d 268, 271 (Tex. App.—San Antonio, orig. proceeding) (explaining trial court abuses discretion by holding party in contempt for violating void order). We sustain the second issue.

2

We reverse the trial court's order granting the temporary injunction, dissolve the temporary injunction, and set aside the order enforcing the temporary injunction. We remand this case to the trial court for further proceedings.

/Molly Francis/

MOLLY FRANCIS
JUSTICE

121580F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MICHAEL LODISPOTO, Appellant

No. 05-12-01580-CV      V.

ADI RUVOLO, Appellee

On Appeal from the 429th Judicial District Court, Collin County, Texas
Trial Court Cause No. 429-03660-2012.
Opinion delivered by Justice Francis;
Justices Evans and Richter participating.

In accordance with this Court's opinion of this date, we **REVERSE** the trial court's November 2, 2012 Injunction Order, **DISSOLVE** the temporary injunction, and **SET ASIDE** the December 7, 2012 Order Granting Motion to Enforce Injunction and Order to Show Cause. We **REMAND** for further proceedings consistent with the opinion.

It is **ORDERED** that appellant MICHAEL LODISPOTO recover his costs of this appeal from appellee ADI RUVOLO.

Judgment entered June 19, 2013

/Molly Francis/
MOLLY FRANCIS
JUSTICE

4