**Opinion issued August 2, 2018.**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-17-00520-CV

———————————

**ADELINA MICHELLE CLINE, Appellant**

**V.**

**JASON W. CLINE, Appellee**

---

**On Appeal from the 22nd District Court**
**Comal County, Texas[1]**
**Trial Court Case No. C2012-0499A**

---

## O P I N I O N

After a hearing on appellee Jason Cline's motion to enforce child support, the

trial court granted the motion and entered a judgment finding appellant Adelina

---

[1] The Texas Supreme Court transferred this appeal from the Court of Appeals for the Third District of Texas. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013) (authorizing transfer of cases).

Michelle Cline $519.50 in arrears on her child support obligation and $3,469.75 in arrears on her medical support obligation. The trial court also found Adelina in criminal contempt on four counts of failure to pay child support and ordered her confined in jail for 180 days on each count, to run concurrently. In this appeal, this Court considers whether (1) we have jurisdiction to address Adelina's claims about criminal contempt, and (2) the trial court erred in determining the amount of the arrears judgment. We dismiss the issues relating to criminal contempt for lack of jurisdiction and affirm.

### BACKGROUND

Jason and Adelina Cline were divorced in 2012, and Adlina was ordered to pay Jason $195.33 in child support and $133.00 in medical support each month. Adelina soon fell behind on her support obligations, and, in 2013, Jason filed a motion to enforce. Thereafter, the parties entered into a Rule 11 Agreement regarding Adelina's past due child and medical support, and Adelina made a $4,019.96 payment that was disbursed to Jason.

In 2017, Jason filed another motion to enforce, and, after a hearing, the trial court signed an Order Enforcing Child Support Obligation that included a Judgment on Arrears against Adelina for $519.50 in child support and $3,469.75 in medical support. The Order Enforcing Child Support Obligation also included four counts of

punitive contempt for failing to pay child support and ordered Adelina committed to county jail for 180 days on each count, to run concurrently.

This appeal followed.

## CONTEMPT

In her first issue, Adelina contends the trial court abused its discretion in holding her in contempt because evidence of her affirmative defense, i.e., inability to pay,[2] was uncontroverted. We have no jurisdiction to consider the portion of the judgment holding Adelina in contempt.

A contempt judgment is reviewable only via a petition for writ of habeas corpus (if the contemnor is confined) or a petition for writ of mandamus (if no confinement is involved). *Cadle Co. v. Lobingier*, 50 S.W.3d 662, 671 (Tex. App — Fort Worth 2001, pet. denied) (op. on reh'g) (citing *In re Long*, 984 S.W.2d 623, 625 (Tex. 1999) (op. on reh'g)). Decisions in contempt proceedings cannot be reviewed on direct appeal because contempt orders are not appealable, even when appealed along with a judgment that is appealable, as here. *Id.* (citing *Metzger v. Sebek*, 892 S.W.2d 20, 55 (Tex. App.—Houston [1st Dist.] 1994, writ denied)); *see also In re Office of Att'y Gen. of Tex.*, 215 S.W.3d 913, 915 (Tex. App.—Fort Worth

---

2    *See* TEX. FAM. CODE. § 157.008(c)(1) (West 2014) ("An obligor may plead as an affirmative defense to an allegation of contempt . . . that the obligor . . . lacked the ability to provide support in the amount ordered[.]").

3

2007, orig. proceeding) (explaining why contempt judgments are not appealable and must be attacked by petition for writ of habeas corpus or for writ of mandamus).

"[I]n an appropriate case, we may treat an appeal as a petition for writ of mandamus," *see Jones v. Brelsford*, 390 S.W.3d 486, 486 n.7 (Tex. App.—Houston [1st Dist.] 2012, no pet.), but there is no authority for treating a case as ***both*** an original proceeding ***and*** an appeal. Thus, we will consider the appellate issues raised in Adelina's brief and, as a majority of the courts addressing the issue have done,[3] dismiss the contempt issue that must be brought by an original proceeding.

Because we cannot reach Adelina's contempt-based complaints in this direct appeal, we dismiss her first issue for want of jurisdiction. *See Metzger*, 892 S.W.2d at 55 (holding that when appellate court has jurisdiction over only part of appeal, proper remedy is to dismiss, not to overrule, that portion).

## ARREARS JUDGMENT

In her second issue on appeal, Adelina contends the trial court abused its discretion "when it applied monies paid through the State Disbursement Unit to a debt other than the obligor's child support obligation[.]" Specifically, Adelina contends that she would not be in default if the $4,019.00 payment that she made to

---

[3]     *See In re B.A.C.*, 144 S.W.3d 8, 11 (Tex. App.—Waco 2004, no pet.) (overruling its previous holding that contempt order is final, appealable order, citing 20 appellate court decisions, and bringing its prior opinions on the issue "back into accord with the Texas Supreme Court and the other courts of appeals").

Jason on September 11, 2013 had been applied entirely to child support, rather than to other debts that she owed to him. As such, Adelina contends that the arrearages portions of the trial court's order are incorrect.

### Jurisdiction

Because this issue addresses the arrearages portion of the judgment, not the contempt, it is appropriate to consider our jurisdiction. Courts have allowed appeals of rulings regarding unrelated issues that occur in contempt proceedings. *See, e.g.*, *In re E.H.G.*, No. 04-08-00579-CV, 2009 WL 1406246, at \*5 (Tex. App.—San Antonio May 20, 2009, no pet.) (mem. op.) ("If a motion to enforce includes a request for both a contempt finding and a money judgment for child support arrearage, an appellate court has jurisdiction to address the arrearage judgment because it is unrelated to the contempt order."); *Chambers v. Rosenberg*, 916 S.W.2d 633, 634 (Tex. App.—Austin 1996, writ denied) (finding no jurisdiction to consider contempt ruling but considering legal conclusion that agreed temporary injunction, the alleged violation of which was the basis for the contempt request, was void). As Adelina's second issue addresses the propriety of the arrearage portion of the trial court's order, we have jurisdiction to consider that issue.

### Standard of Review

We review a trial court's confirmation of an arrearage amount for an abuse of discretion. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990); *Att'y Gen. of Tex v. Stevens*, 84 S.W.3d, 720, 722 (Tex. App.—Houston [1st Dist.] 2002, no pet.). A trial court abuses its discretion when it acts in an arbitrary or unreasonable manner, without reference to any guiding rules or principles. *See Worford*, 801 S.W.2d at 109. Under the abuse-of-discretion standard, legal and factual sufficiency are not independent grounds of error, but are merely factors to be considered in determining whether the trial court abused its discretion. *See London v. London*, 94 S.W.3d 139, 143–44 (Tex. App.—Houston [14th Dist.] 2002, pet. denied). Consequently, we engage in a two-pronged inquiry: (1) whether the trial court had sufficient information upon which to exercise its discretion and (2) whether the trial court erred in its application of that discretion. *Echols v. Olivarez*, 85 S.W.3d 475, 478 (Tex. App.—Austin 2002, no pet.). The focus of the first inquiry is the sufficiency of the evidence. *Zeifman v. Michels*, 212 S.W.3d 582, 588 (Tex. App.—Austin 2006, pet. denied). Under the second inquiry, we must decide whether, based on the evidence before it, the trial court made a reasonable decision. *Id.*

*Analysis*

6

The record shows that in 2013, almost four years before trial, Adelina made a $4,019.96 payment to Jason, and Jason's child support records show that, on August 15, 2013, he credited $1,319 of that amount toward Adelina's child support obligation. On appeal, Adelina contends that, according to Family Code section 157.268,[4] any money paid through the child support disbursement unit shall first be applied to child support before it is applied to any other obligations between the former spouses. Thus, Adelina contends that the entire amount of $4,019.96 should be credited to her child support arrears, and that such amount, when coupled with a $3800.00 payment she made shortly before trial, would have brought her support obligations current.

While we agree that section 157.268(1) provides that child support collected shall be applied first to current child support, we disagree with Adelina's assertion that this procedure was not followed in this case. The record shows that on April 8, 2013, Adelina and Jason entered a Rule 11 Agreement to settle a previous motion for enforcement by Jason. This Rule 11 Agreement provides, in part, as follows:

> Adelina Cline agrees that she owes $3842.00 as of April 8, 2013 to Jason Cline representing the following: $500.00 for certificates and training documents, $1200 for the 9 mm Smith and Wesson and multi cam AK-47, $1000 in attorney's fees for the enforcement proceeding to date, $452 in medical support, $690 in child support.
>
> Adelina Cline agrees to pay the balance of $3842.00 as follows:

---

[4]     *See* TEX. FAM. CODE §157.268(1) (West 2014) (providing that child support collected shall be applied first to current child support).

7

a. $1000 paid on or before May 15, 2013
b. $1000 paid on or before June 15, 2013
c. $1000 paid on or before July 15, 2013
d. $842 on or before August 15, 2013

Jason's support records, which were admitted at trial, show a credit to Adeline on August 15, 2013, the date the last payment was due, for $1,319. On September 11, 2013, the trial court disbursed a total of $4,019.96 to Jason from funds that Adelina had deposited in the registry of the court in compliance with the Rule 11 agreement ($3,842.00 as required by the Rule 11 Agreement + an additional $177.96).

We find this evidence significant for several reasons. First, Adelina agreed to the allocation of her payments as set forth in the Rule 11 Agreement. She cannot now complain that the trial court allocated them incorrectly. *See In re Dep't of Family and Protective Servs.*, 273 S.W.3d 637, 646–47 (Tex. 2009) (holding party cannot request specific action from trial court then complain of it on appeal).

Second, and more importantly, the record shows that in 2013, when the $4,019.96 payment was made, Adelina only owed $452.00 in medical support and $690.00 in child support. She received credit for those amounts, plus $177.96 that she paid over and above that required by the Rule 11 Agreement. The remainder of the $4019.96 that she paid could not go toward child support because it was not then owed. As such, the record supports the conclusion that the remainder of the

8

$4,019.96 Adelina paid in 2013 was properly paid to Jason for the other debts owed at the time, i.e., certificates and training documents, two guns, and attorney's fees. The arrearages Adelina owed were for defaults occurring after the disputed 2013 payment.[5] As such, there is sufficient evidence to support the trial court's finding that "ADELINA MICHELLE CLINE is not entitled to any further credits or offsets towards her arrears under the terms of the RULE 11 AGREEMENT ON PETITION FOR ENFORCEMENT dated April 8, 2013."

Because the trial court had evidence upon which to base its ruling and did so reasonably, we overrule Adelina's second issue on appeal.

**CONCLUSION**

---

[5] In fact, the contempt portion of the order shows that Adelina failed to make child support payments in 2014 and 2015.

9

We dismiss Adelina's claims regarding being held in contempt for want of jurisdiction; we affirm the judgment.


                    Sherry Radack
                    Chief Justice

Panel consists of Chief Justice Radack and Justices Massengale and Brown.

Massengale, J., dissenting