

# IN THE
# TENTH COURT OF APPEALS

### No. 10-20-00249-CV

**JONATHAN FORBES AND LONE STAR
PRODUCTS & EQUIPMENT, LLC,**

                                                         **Appellants**

 **v.**

**CALDWELL AUTOMOTIVE PARTNERS, LLC,
LONE STAR PRODUCTS PLUS, LLC,
CAP FLEET UPFITTERS, LLC,**

                                                         **Appellees**

---

**From the 335th District Court
Burleson County, Texas
Trial Court No. 30011**

---

## MEMORANDUM  OPINION

---

Caldwell Automotive Partners, LLC, Lone Star Products Plus, LLC, and CAP Fleet

Upfitters, LLC (collectively, Caldwell) sued Jonathan Forbes (Forbes) over a business

dispute.  Caldwell's lawsuit asserts several claims for relief against Forbes, including

breach of contract, breach of fiduciary duty, tortious interference, conversion, and

fraudulent inducement, among others.  Caldwell also requested that the trial court enter

a temporary injunction enjoining Forbes from engaging in certain business activity. Lone Star Products and Equipment, LLC, (Lone Star) intervened and asserted a claim against Caldwell for breach of a partnership agreement. Lone Star additionally requested that the trial court issue orders to accomplish winding up of a partnership and for an accounting. The trial court issued a temporary injunction against Forbes and Lone Star after a hearing in which sworn testimony was presented. Forbes and Lone Star bring this interlocutory appeal contesting the entry of the temporary injunction and request an emergency stay of the temporary injunction. We will reverse and remand.

By four issues, Forbes and Lone Star challenge the trial court's issuance of the temporary injunction. They assert the trial court abused its discretion in granting the temporary injunction because (1) Caldwell's pleadings were not verified, (2) no bond was set or required, (3) Caldwell failed to show that it would suffer probable, imminent, and irreparable injury, and (4) the temporary injunction placed a restraint on Forbes and Lone Star greater than reasonably necessary to protect Caldwell's legitimate goodwill expectations.

It is within a trial court's sound discretion whether to grant or deny a temporary injunction. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002). We will review, under an abuse-of-discretion standard, the trial court's grant of a temporary injunction. *Id.* We will reverse an order granting injunctive relief only if the trial court abused its discretion. *Id.* As the reviewing court, we must not substitute our judgment for the trial

court's judgment unless the trial court's action was so arbitrary that it exceeded the bounds of reasonable discretion. *Id.*

We will first address Forbes's and Lone Star's second issue in which they argue that the trial court erred in granting the temporary injunction without setting a bond.

Rule 684 of the Texas Rules of Civil Procedure provides: "In the order granting any temporary restraining order or temporary injunction, the court shall fix the amount of security to be given by the applicant. . . ." TEX. R. CIV. P. 684. An order of injunction issued without fixing the amount of security is void on its face because the provisions of Rule 684 are mandatory. *Ex parte Lesher*, 651 S.W.2d 734, 736 (Tex. 1983). An agreed temporary injunction is void absent explicit waiver of the protection of a bond. *Chambers v. Rosenberg*, 916 S.W.2d 633, 635 (Tex. App.—Austin 1996, writ denied) (per curiam).

The trial court granted a temporary injunction in favor of the three entities we refer to as Caldwell against Forbes and Lone Star, but the trial court did not fix the amount of security to be given by Caldwell. The order granting temporary injunction issued by the trial court states: "As agreed by the parties in the Employee Confidentiality and Non-Solicitation Agreement, no bond shall be required for this Order to be effective." During the hearing on the application for temporary injunction, the trial court admitted the above referenced Employee Confidentiality and Non-Solicitation Agreement that included the following provision:

> 3. Miscellaneous. (a) Upon failure of Employee to comply with the terms and conditions of this Agreement at any time, (1) the term of the

covenants set forth in this Agreement will be extended by the period of the duration of such breach; (2) the Company will be entitled to receive from Employee any and all damages, losses or expenses related thereto or arising therefrom; and (3) the Company will be entitled to obtain injunctive or other equitable relief to restrain any breach or threatened breach or otherwise to specifically enforce the provisions of this Agreement **without the necessity of the Company posting a bond**, which extraordinary relief shall be cumulative to, but not in limitation of, any other remedies that may be available. This Agreement is the final, complete and exclusive statement of the understanding and agreement between the parties with relation to the subject matter of this Agreement. There are no oral understandings or agreements covering the same subject matter as this Agreement. The failure to insist, in one or more instances, on performance of any of the terms or conditions of this Agreement does not constitute a waiver of future performance required by that term or condition. If a court concludes that any restriction contained herein is unenforceable or overbroad, then such restriction will be reduced by eliminating the unenforceable or overbroad portion, or both, so that the restriction and the remaining provisions hereof may be enforced to the fullest extent permitted by law. This Agreement is governed by Texas law, without regard to the conflicts of laws principles thereof. Harris County and the State of Texas shall be the venue for any proceeding as between the parties that may be brought in connection with this Agreement. THE PARTIES HEREBY WAIVE THE RIGHT TO A JURY TRIAL. [Emphasis added.]

Forbes acknowledged he signed the Employee Confidentiality and Non-Solicitation Agreement, which was entered into by himself and Caldwell Automotive Partners, LLC. The initial paragraph of the agreement identifies the parties to the agreement as Forbes and Caldwell Automotive Partners, a Texas limited liability company. Appellees, Lone Star Products Plus, LLC, and CAP Fleet Upfitters, LLC, along with appellant, Lone Star Products and Equipment, LLC, did not sign and were not parties to the Employee Confidentiality and Non-Solicitation Agreement that Caldwell argues waives the requirement of a bond. While some of the entities that are parties to

this lawsuit may have common ownership or management, they are still separate legal entities that have not entered into an agreement to waive the requirement of a bond.

Accordingly, there was no explicit waiver by *all* the parties to the temporary injunction of the requirement that the trial court fix the amount of security or of applicants to post a bond. We sustain Forbes's and Lone Star's second issue and need not reach Forbes's and Lone Star's three other issues. Further, we reverse the trial court's order granting the temporary injunction and remand this cause to the trial court. We dismiss as moot Forbes's and Lone Star's motion for emergency stay.


MATT JOHNSON
Justice

Before Chief Justice Gray,
      Justice Neill, and
      Justice Johnson
Reversed and remanded
Opinion delivered and filed May 28, 2021
[CV06]

